# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WESLEY PIERCE, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| UNITED AUTO CREDIT CORPORATION, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant United Auto Credit Corporation ("UACC") gives notice of the removal of this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division. As grounds in support of this removal, UACC state as follows:

### I. INTRODUCTION

1. Plaintiff Wesley Pierce, Jr. commenced this action by filing a Petition in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV10477, on April 6, 2020.

2. On July 10, 2020, Plaintiff filed a First Amended Petition.

3. In the First Amended Petition, Plaintiff alleges that he purchased a vehicle financed by UACC but did not receive title to the vehicle. *See* First Am. Pet.

4. Plaintiff brings three causes of action against UACC: (1) conversion, (2) violations of the Missouri Merchandising Practices Act, and (3) violations of the Missouri Motor Vehicle Time Sales Act. *See* First Am. Pet.

## II. DIVERSITY JURISDICTION

5. This Court has jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the action is between citizens of different states and where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1).

### A. The Parties are Diverse.

6. Complete diversity exists between Plaintiff and UACC in this matter.

7. Plaintiff alleges in the First Amended Petition that he "is an individual Missouri consumer." First Am. Pet. ¶ 4. There is no indication that Plaintiff is domiciled in any other state. Thus, Plaintiff is a citizen of Missouri.

8. Defendant UACC is a California corporation with its principal place of business in California. *See* 28 U.S.C. § 1332(c)(1) (stating that corporation is citizen of every State where it has been incorporated and the State where it has its principal place of business). Thus, UACC is a citizen of California.

9. Accordingly, the parties are diverse, as Plaintiff is a citizen of Missouri, and UACC is a citizen of California.

### B. The Amount in Controversy Exceeds $75,000.

10. The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. In the First Amended Petition, Plaintiff does not provide an explicit amount of damages that he seeks.

12. On February 3, 2021, Plaintiff made a settlement demand to UACC in the amount of $225,000.00. A settlement demand may be considered as evidence of the actual value of the

object of the suit to plaintiff and of the amount in controversy. *See Hall v. Vlahoulis*, No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007) ("Defendant states that numerous courts have found that demand or settlement letters allow a defendant to reasonably ascertain the amount in controversy. The Court agrees."); *see also Finnell v. Transamerica Life Ins. Co.*, No. 17-0734-CV-W-SRB, 2017 WL 9805014, at *2 (W.D. Mo. Nov. 14, 2017) ("Plaintiff did not bind herself to an award less than $75,000. Further, Plaintiff's settlement demand letter itemizes her damages at a total of approximately $149,650, well over the federal jurisdictional amount.").

13. Plaintiff's settlement demand establishes that the amount in controversy far exceeds $75,000, exclusive of interest and costs.

14. Accordingly, this case is properly removable because it is between citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of UACC's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17. True, correct, and certified copies of "all process, pleadings, and orders" served on UACC are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon UACC to date in this case.

18. Plaintiff's settlement demand is an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Caranchini v. Bank of Am., N.A.*, No. 4:10-CV-672-DGK, 2010 WL 3782171, at *2 (W.D. Mo. Sept. 22, 2010) ("A demand letter constitutes 'other paper.'"). Thus, this Notice of Removal is timely because it is filed within thirty days after receiving Plaintiff's $225,000.00 settlement demand on February 3, 2021. *See Finnell*, 2017 WL 9805014, at *3 (finding removal within thirty days of receiving settlement demand was timely when the initial pleading did not explicitly disclose the amount of damages sought); *Caranchini*, 2010 WL 3782171, at *2 (finding removal timely when it occurred within thirty days of receiving plaintiff's demand letter).

19. The United States District Court for the Western District of Missouri, Western Division, is the court and division embracing the place where this action is pending in state court.

20. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, UACC has filed a copy of same with the clerk of the Jackson County Circuit Court in Kansas City, Missouri, as well as a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon counsel for the Plaintiff.

**WHEREFORE**, UACC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Jackson County Circuit Court in Kansas City, Missouri to the United States District Court for the Western District of Missouri, Western Division.

Respectfully submitted this 12th day of February, 2021.

/s/ Ryan S. Rummage
Ryan S. Rummage, MO #69871
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100
rrummage@burr.com

Megan McCurdy, MO #60071
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri, 64106
Telephone: (816) 691-2649
Facsimile: (816) 691-3495
megan.mccurdy@stinson.com

Attorneys for Defendant
UNITED AUTO CREDIT CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 12th day of February, 2021:

>Andrew Robert Taylor
>Bryce Bruce Bell
>BELL LAW, LLC
>2600 Grand Blvd., Suite 580
>Kansas City, MO 64108
>Telephone: (816) 886-8206
>
>Attorneys for Plaintiff
>WESLEY PIERCE, JR.

>*/s/ Ryan S. Rummage*
>OF COUNSEL