Electronically Filed - Jackson - Kansas City - April 06, 2020 - 04:07 PM

`IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Division** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| *Serve*: | ) | |
| **CSC-Lawyers Incorporating Services Co.** | ) | |
| **221 Bolivar St.** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Wesley Pierce, Jr., by and through his undersigned counsel, and states and alleges as follows:

### PARTIES

1.    Plaintiff Wesley Pierce, Jr. ("Wesley" or "Plaintiff") is an individual Missouri consumer.

2.    Defendant United Auto Credit Corporation ("UACC") is a California corporation that financed the sale in this case. UACC can be served by serving its registered agent, CSC-Lawyers Incorporating Service Co., 221 Bolivar, Jefferson City, MO 65101.

### JURISDICTION AND VENUE

3.    Jurisdiction and venue in this Court are proper pursuant to § 407.025 RSMo.

1

## FACTS COMMON TO ALL COUNTS

4.      On or about March 3, 2018, Wesley purchased, or attempted to purchase, a 2003 GMC Tahoe (VIN: ████████8809; "the Tahoe") from Truman Auto Sales ("Truman"), located at 5300 Truman Road, Kansas City, Missouri 64127.

5.      Per the Retail Installment Contract and Security Agreement ("the RICSA") between Wesley and Truman, the total sale price of the Tahoe, including a down payment of $1,600.00, was $9,779.44.

6.      The terms underlying the RISCA included a 24.99% APR over two years, entailing twenty-four monthly payments of $340.81, on a financed amount of $6,386.25.

7.      Defendant UACC financed the purchase of the Tahoe.

8.      The Tahoe is and was a "motor vehicle," as defined by § 301.010.35 RSMo.

9.      The purchase of the Tahoe constituted the "sale" of a "motor vehicle," as required by § 301.210.4 RSMo.

10.     Truman did not pass title to Wesley *at the time of delivery*, in violation of § 301.210.4 RSMo.

11.     Because Truman did not pass title to Wesley at the time of delivery, the sale of the Tahoe was "fraudulent and void" per § 301.210.4 RSMo.

12.     The title Truman gave to Wesley had the name of some other person where Truman's name may have been expected, along with a large "X" across a significant portion of the title.

13.     Wesley took that facially problematic title to the DMV in an attempt to properly register and obtain tags for the Tahoe; unsurprisingly, an agent of the DMV told Wesley that a title in that condition could not be accepted.

2

14.     Thus began for Plaintiff an inane and time-consuming relationship with the DMV as he attempted to procure a lawful title for the Tahoe.

15.     In fact, Wesley spent so much time at the DMV that he was essentially on a first-name basis with some of its employees, was at least once ushered immediately to the front of the line, and was kept after closing time because someone at the DMV actually sympathized with his plight. All told, Wesley returned to that Kansas City, Missouri-based DMV between, approximately, 10-15 times, to no avail.

16.     Wesley paid the sales tax on the Tahoe even though he could not register it. However, he was ultimately refunded that sales tax as the licensing agency did not consider him a purchaser of the car for lack of proper titling.

17.     Because Wesley had not obtained proper title to the Tahoe, he was compelled to go finance another vehicle that he could lawfully drive to work.

18.     On or about March 26, 2018, Wesley purchased a 1995 Chevy truck for $1,300.00, which at least allowed him to lawfully drive while the Tahoe lay dormant.

19.     On or about April 27, 2018, Wesley wired a payment of $345.00 to Defendant.

20.     On or about August 16, 2018, Wesley wired a payment of $341.00 to Defendant.

21.     After some number of iterations with the DMV, Plaintiff was told by a representative of a state agency that the Tahoe had a lien on it.

22.     Indeed, Wesley drove from Kansas City to the Missouri Department of Revenue—Motor Vehicle Registration office in Jefferson City in another attempt to obtain a lawful title or at least better understand the Tahoe situation.

23.     There, he was told by an agent of the Driver License Bureau that Truman had not applied for a title for the Tahoe.

3

24. Wesley made that drive to Jefferson City on October 22, 2018—over seven months after the fraudulent and void sale of the Tahoe.

25. On a Missouri Department of Revenue Request for Refund of Taxes or Fees Paid on Vehicle or Marine (Form 426) form dated October 22, 2018, Wesley stated that the reason for such refund request included, "Original tag from dealer is crossed out on other owner name. So tag office wouldn't issue tag for vehicle."

26. Per a Missouri Department of Revenue Incomplete Transaction Notice (Form 4808) dated November 5, 2018, the Tahoe "could not be registered because there was a disclaimer. Truman Auto Sales needed to obtain a title in their name before selling."

27. On a Missouri Attorney General Consumer Complaint form (#CC-2018-10-013459) dated November 7, 2018, Plaintiff's statement included the following averment: "Went to the DMV about 8 months to tag it up they took my payment and called me the next day and told me the computer kicked the registration out due to no good title license because called Truman Auto Sales the same day and told them they need to get me a clear title and sign it over to me."

28. Truman did not obtain what *appeared* to be title to the Tahoe until November 16, 2018, by which time Wesley had long since purchased another truck, spent many exhausting hours at the DMV, and had begun seriously considering legal options.

29. Wesley refused to sign that title.

30. On or about November 27, 2018, Plaintiff signed a retainer agreement with Legal Aid of Western Missouri.

31. On or about December 26, 2018, a Legal Aid attorney faxed a letter to the Office of the Missouri Attorney General.

32. Defendant UACC was cc'd on that faxed letter.

4

33.     That letter from the Legal Aid attorney delineated, among other things, that Wesley had not received title at the time of the Tahoe sale and that he "offered the vehicle back on many occasions and was refused."

34.     That letter also averred that, "Mr. Pierce is, to date, still being harassed unlawfully by both Truman Auto Sales and United Auto Credit to keep an unwanted vehicle and pay a debt that arose from a void transaction."

35.     On or about March 29, 2019, that same Legal Aid lawyer sent, via certified mail, another letter, which was addressed to Defendant.

36.     That second letter again noted that Wesley had not received good title at the time of sale, that sale was therefore fraudulent and void, Plaintiff had offered to return the Tahoe multiple times to no avail, and that, "Mr. Pierce is, to date, still being harassed unlawfully by both Truman Auto Sales and United Auto Credit to keep a vehicle he does not own and does not want, as well as to pay a debt that arose from a fraudulent and void transaction."

37.     Wesley was in personal contact with Defendant UACC a number of times over, in particular, the summer and/or autumn of 2018. His primary point of contact at UACC was someone called "Mercedes."

38.     Wesley was contacted numerous times on his personal phone by UACC as it attempted to collect on an unlawful debt.

39.     Plaintiff is in possession of a copy of a document, upon which he had handwritten "To Miss Mercedes," that is a Missouri Department of Revenue General Affidavit (Form 768), which was apparently signed by an agent of Truman on April 9, 2018, and noted that a mistake had been made with the title to the Tahoe.

5

40.     Wesley informed UACC numerous times that he had not been issued a proper title at the time of sale and had, in fact, spent many hours over the course of months attempting to obtain title to the Tahoe.

41.     Despite the fact that Plaintiff had thoroughly apprised UACC of the lack of proper titling, Mercedes told Wesley that he was still beholden to the RISCA and needed to make payments on the Tahoe.

42.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated October 29, 2018, asserting that he owed $680.41.

43.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a Notice of Right to Cure letter on November 11, 2018—over eight months after the fraudulent and void sale of the Tahoe.

44.     That letter asserted that Wesley was in "default" under the terms of the RISCA and owed Defendant $356.58.

45.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated November 28, 2018, asserting that he owed $1,038.20.

46.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated December 29, 2018, asserting that he owed $1,396.05.

47.     In early January 2019, Wesley received in the mail at his home a license-plate renewal registration form from the Missouri Department of Revenue.

6

48.     Even though that form was properly addressed to Wesley's home, it had been sent to a "Mauricio M. Jacobo," a person unknown to Plaintiff and quite possibly the former owner of the Tahoe.

49.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a Notice of Right to Cure letter on February 2, 2019—eleven months after the fraudulent and void sale of the Tahoe.

50.     That letter asserted that Wesley was in "default" under the terms of the RISCA and owed Defendant $1,413.09.

51.     Given that Defendant was fully aware of Wesley's predicament, including the fact that, per Missouri law, the sale of the Tahoe was fraudulent and void and that he had spent many, many hours trying to rectify a mistake that was not his, UACC's conduct in this regard was unconscionable, harassing, and unwarranted.

52.     The Tahoe currently sits useless in Wesley's backyard, where he carefully maintains it:



7

## COUNT ONE:
## CONVERSION

53.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

54.     At all times relevant, Plaintiff was the rightful owner of any and all payments made to Defendant as part of the fraudulent and void Tahoe sale.

55.     Defendant took possession of Plaintiffs' $686.00 in total payments on or about, respectively, April 27, 2018 and August 16, 2018.

56.     Defendant took possession of that $686.00 with the intent to exercise control over and to the exclusion of Plaintiff's rights of ownership and possession of the same.

57.     Defendant did in fact exercise such control over the $686.00, thereby depriving Plaintiff of his right of ownership and possession of the same.

58.     Between, generally, March and November 2018, Plaintiff repeatedly offered to return the Tahoe and informed UACC that title had not passed at the time of sale (or for months afterward), such that the sale of the Tahoe was fraudulent and void as a matter of Missouri law .

59.     To date, UACC has and continues to refuse the return of the $686.00.

60.     As a direct and proximate result of United Auto Credit's refusal to return the $686.00, Plaintiff has suffered damages.

61.     UACC's conduct as outlined herein is and was intentional, willful, wanton, fraudulent, reckless, and/or malicious, thereby entitling Plaintiff to the recovery of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and

8

post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

## COUNT TWO:
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

62.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

63.     The Missouri Merchandising Practices Act, § 407.010 et seq. RSMo. ("MMPA") prohibits unfair and deceptive acts and practices in the sale of goods and services in Missouri.

64.     The sale of the Tahoe was a "sale" of "merchandise" as defined by the MMPA.

65.     The sale of the Tahoe occurred within the state of Missouri.

66.     Plaintiff's  purchase of the Tahoe was primarily for personal, family, or household purposes.

67.     Plaintiff has suffered an ascertainable monetary loss as a result of UACC's unlawful conduct, as described herein.

68.     Pursuant to 15 C.S.R. § 60-8.020, **Unfair Practice in General**, an "Unfair Practice is any practice which – (A) either (1) offends any public policy as it has been established by the . . . statutes or common law of this state or (2) is unethical, oppressive or unscrupulous; and (B) represents a risk of, or causes, substantial injury to consumers."

69.     Pursuant to 15 C.S.R. § 60-8.090, **Illegal Conduct**, "(1) it is an unfair practice for any person in connection with advertisement or sale of merchandise to engage in any method, use or practice which – (A) violates state or federal law intended to protect the public; and (B) presents a risk of, or causes, substantial injury to consumers."

70.     Pursuant to 15 C.S.R. § 60-9.040, **Fraud in General**, "(1) Fraud includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable

9

duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained."

71.     Pursuant to 15 C.S.R. § 60-8.040 **Duty of Good Faith**, "(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

72.     Defendant UACC's violations of the MMPA include, but are not limited to, the following:

   a.  Failing to act in good faith, as well as acting unethically, oppressively, and unscrupulously, and in contravention of Missouri law, by converting and refusing to return Plaintiff's $686.00.

   b.  Failing to act in good faith, as well as acting unethically, oppressively, and unscrupulously, and in contravention of Missouri law, by repeatedly attempting to collect an unlawful debt stemming from the fraudulent and void sale of the Tahoe.

73.     Pursuant to § 407.025.1 RSMo., Plaintiff is entitled to the recovery of his actual damages, punitive damages, reasonable attorneys' fees, and equitable relief.

74.     Defendant's conduct as outlined herein was intentional, willful, wanton, fraudulent, reckless, and/or malicious, thereby entitling Plaintiff to the recovery of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and post-judgment interest at the greatest rate allowed by statute, reasonable attorneys' fees, and such other and further relief as may be just and proper under the circumstances.

## COUNT THREE:
## VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT

75.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

76.     The RISCA was a "retail installment contract" as defined by § 365.020.10 RSMo.

77.     The Tahoe was a "motor vehicle" as defined by § 365.020.5 RSMo.

78.     Section § 365.070.6 RSMo. requires retail installment sale contracts, such as the RISCA here, to include (1) the cash sale price of the motor vehicle, (2) the amount of the buyer's down payment, (3) the difference between items one and two, (4) the principal balance, (5) the time price differential, and (6) the time sale price.

79.     That statute not only requires that those items be listed on the sale contract but that they be *accurate*.

80.     Because the underlying sale was "fraudulent and void," each of these items on the RISCA for the Tahoe was false.

81.     In addition, the RISCA inaccurately lists "$1,600.00" as the total down payment ("cash payment") for the Tahoe.

82.     Further, the RISCA inaccurately lists "0.00" on the "deferred down payment" line.

83.     The requirements of § 365.070.6 RSMo. apply to the RISCA, and therefore are binding and may be enforced equally against the seller and the holder of the contract.

84.     Upon information and belief, UACC was the holder of the RISCA for the Tahoe at the time of its sale, or alleged sale, to Plaintiff.

85.     Section § 365.150.2 provides that a violation of § 365.070 bars the seller or holder from recovery "of any time price differential, delinquency or collection charge on the contract."

11

86.     As such, UACC is not entitled to collect any time price differential (i.e., interest), delinquency, or collection charge on the RISCA.

87.     Section 365.150.3 provides a thirty-day (30) safe-harbor period for UACC. However, that safe-harbor period has passed.

88.     Pursuant to §§ 365.145 and 408.551 through 408.562, the violation of § 365.070 renders the holder (Defendant UACC) liable for actual damages, punitive damages, attorneys' fees, and equitable relief.

WHEREFORE, Plaintiff prays for judgment against Defendant UACC in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and post-judgment interest at the greatest rate allowed by statute, reasonable attorneys' fees, and such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

89.     Plaintiff hereby demands a jury trial on all issues so triable.


Respectfully submitted,

*/s/ Andrew R. Taylor*
Bryce B. Bell          MO#66841
Mark W. Schmitz        MO#69329
Andrew R. Taylor       MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiffs*

Electronically Filed - Jackson - Kansas City - April 06, 2020 - 04:07 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Division** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| *Serve***:** | ) | |
| **CSC-Lawyers Incorporating Services Co.** | ) | |
| **221 Bolivar St.** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through his attorney of record, and for his Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal

Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Richard Davis PPS20-0029 | James Hannah PPS20-0047 |
| Sallie Bailey PPS20-0663 | Anthony Dice PPS20-0497 | Rufus Harmon PPS20-0048 |
| Caleb Battreal PPS20-0010 | David Dice PPS20-0030 | James Harvey PPS20-0049 |
| Bernard Beletsky PPS20-0011 | Maureen Dice PPS20-0031 | Natalie Hawks PPS20-0050 |
| Carrington Bell PPS20-0012 | Norman Diggs PPS20-0032 | Douglas Hays PPS20-0051 |
| Thomas Bogue PPS20-0013 | Edwina Ditmore PPS20-0033 | Stephen Heitz PPS20-0052 |
| Brent Bohnhoff PPS20-0014 | Marrissa Doan PPS20-0034 | Wendy Hilgenberg PPS20-0053 |
| Arthur Boyer PPS20-0015 | Paul Donovan PPS20-0618 | James Hise PPS20-0054 |
| Scott Brady PPS20-0016 | Shawn Edwards PPS20-0035 | Gerald Hissam PPS20-0055 |
| Gary Brakemeyer PPS20-0017 | Tonya Elkins PPS20-0036 | William Hockersmith PPS20-0056 |
| James Bromeier PPS20-0615 | William Ferrell PPS20-0037 | Alex Holland PPS20-0057 |
| Jeff Brown PPS20-0018 | Robert Finley PPS20-0335 | Thomas Honton PPS20-0623 |
| Hester Bryant PPS20-0019 | James Frago PPS20-0038 | Mary Hurley PPS20-0058 |
| Nicholas Bull PPS20-0020 | John Frago PPS20-0039 | Betty Johnson PPS20-0059 |
| Randy Burrow PPS20-0021 | Kenneth Frechette II PPS20-0040 | Edward Johnson PPS20-0060 |
| Gory Burt PPS20-0022 | Andrew Garza PPS20-0041 | James Johnson PPS20-0061 |
| Kyle Carter PPS20-0023 | Paul Glickert PPS20-0620 | Etoya Jones PPS20-0062 |
| Michael Conklin PPS20-0024 | Bradley Gordon PPS20-0042 | Patrick Jones PPS20-0063 |
| Lisa Corbett PPS20-0025 | Thomas Gorgen PPS20-0043 | Thomas Kaltmayer PPS20-0627 |
| Dennis Dahlberg PPS20-0026 | Tom Gorgone PPS20-0044 | Derec Kelley PPS20-0064 |
| Mary Dahlberg PPS20-0027 | Richard Gray PPS20-0045 | Brent Kirkhart PPS20-0065 |
| Bert Daniels JR PPS20-0028 | Charles Gunning PPS20-0046 | Janice Kirkhart PPS20-0066 |

Tyler Kirkhart PPS20-0067
Damon Lester PPS20-0068
Daniel Maglothin PPS20-0069
Chad Maier PPS20-0070
Kenneth Marshall PPS20-0071
Deborah Martin PPS20-0072
Michael Martin PPS20-0073
Todd Martinson PPS20-0074
Timothy McGarity PPS20-0075
Diane McKay PPS20-0631
Casey McKee PPS20-0076
Michael Meador PPS20-0077
Kenny Medlin PPS20-0078
Maria Meier PPS20-0079
Thomas Melte PPS20-0080
Matthew Millhollin PPS20-0081
James Mitchell PPS20-0082
Alexious Moehring PPS20-0083
Jonathan Moehring PPS20-0084
Jason Moody PPS20-0085
Ronald Moore PPS20-0086
Andrew Myers PPS20-0087
Frederick Myers PPS20-0088
James Myers PPS20-0089
Stephanie Myers PPS20-0090
Christopher New PPS20-0091
Jeremy Nicholas PPS20-0092

Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159
Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107
Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111
Michael Siegel PPS20-0214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216

William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119
Michael Taylor PPS20-0120
Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122
Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Cory Upchurch PPS20-0637
Jerromy Vanderwaal PPS20-0660
Douglas Washburn PPS20-0639
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Charles Wheeler PPS20-0646
Roger White PPS20-0641
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

who are qualified persons to serve process, are not parties to the case and are not less than

eighteen (18) years of age, as private process servers in the above cause to serve process in this

case.

Respectfully submitted,

/s/ Andrew R. Taylor
Bryce B. Bell          MO#66841
Mark W. Schmitz        MO#69329
Andrew R. Taylor       MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com

Electronically Filed - Jackson - Kansas City - April 06, 2020 - 04:07 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Division** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| *Serve*: | ) | |
| **CSC-Lawyers Incorporating Services Co.** | ) | |
| **221 Bolivar St.** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**</u>

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of Private

Process Server is granted and the individuals named on the Motion for Approval and

Appointment of Private Process Server are hereby approved and appointed to serve process in

the above-captioned matter.


Date:_____          _____

                                                              Judge or Clerk

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR

                **PLAINTIFF(S),**              **CASE NO.**  2016-CV10477

**VS.**                                             **DIVISION 7**

UNITED AUTO CREDIT CORPORATION

                **DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable S MARGENE BURNETT on 04-AUG-2020 in DIVISION 7 at 09:00 AM.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

        a.      A trial setting;

        b.      Expert Witness Disclosure Cutoff Date;

        c.      A schedule for the orderly preparation of the case for trial;

        d.      Any issues which require input or action by the Court;

        e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ S MARGENE BURNETT**
S MARGENE BURNETT**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANDREW ROBERT TAYLOR, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108

Defendant(s):
UNITED AUTO CREDIT CORPORATION

Dated: 07-APR-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - April 06, 2020 - 04:07 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| **WESLEY PIERCE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **Division** |
| ) | |
| **UNITED AUTO CREDIT** ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** ) | |
| *Serve***:** ) | |
| **CSC-Lawyers Incorporating Services Co.** ) | |
| **221 Bolivar St.** ) | |
| **Jefferson City, MO 65101** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of Private

Process Server is granted and the individuals named on the Motion for Approval and

Appointment of Private Process Server are hereby approved and appointed to serve process in

the above-captioned matter.

Date:_____07-Apr-2020_____      _____
                                                     DEPUTY COURT ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number: 2016-CV10477** |
| Plaintiff/Petitioner:<br>WESLEY PIERCE  JR | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW ROBERT TAYLOR<br>Bell Law, LLC<br>2600 Grand Blvd<br>SUITE 580<br>KANSAS CITY, MO  64108 |
| vs. | |
| Defendant/Respondent:<br>UNITED AUTO CREDIT CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  UNITED AUTO CREDIT CORPORATION
Alias:

R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

**PRIVATE PROCESS SERVER**



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

07-APR-2020
_____
Date                                                    _____
                                                                                   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
   Printed Name of Sheriff or Server                          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*              Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                                    Date                                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document ID# 20-SMCC-3080   1   of  1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00090-BCW   Document 1-1   Filed 02/12/21   Page 19 of 171

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                           Service Information - Attorney



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2016-CV10477 |
|---|---|
| Plaintiff/Petitioner:<br>WESLEY PIERCE JR | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW ROBERT TAYLOR<br>Bell Law, LLC<br>2600 Grand Blvd<br>SUITE 580<br>vs.    KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>UNITED AUTO CREDIT CORPORATION | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: UNITED AUTO CREDIT CORPORATION
Alias:
R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**PRIVATE PROCESS SERVER**

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

07-APR-2020
Date

Clerk

Further Information

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

LAUREN Shipley (name) Authorized Agent (title).

☐ other _____

Served at 221 Bolivar St. Jefferson City MO (address)

in Cole (County/City of St. Louis), MO, on 4-5-20 (date) at 12:15 pm (time).

Rufus R. HAYMON      Rufus R. Haymon
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

DONNA R. MEYER
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
Commission No. 13435325
My Commission Expires 3/3/2021

Subscribed and sworn to before me on 04-10-2020 (date).

My commission expires: 03-03-2021
Date

Donna R. Meyer
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 20-SMCC-3089   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2016-CV10477 |
|---|---|
| Plaintiff/Petitioner:<br>WESLEY PIERCE  JR | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW ROBERT TAYLOR<br>Bell Law, LLC<br>2600 Grand Blvd<br>SUITE 580<br>KANSAS CITY, MO  64108 |
| **vs.** | |
| Defendant/Respondent:<br>UNITED AUTO CREDIT CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** UNITED AUTO CREDIT CORPORATION
Alias:

**PRIVATE PROCESS SERVER**

R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

07-APR-2020
Date _____ Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                          Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:   at@belllawkc.com

Electronically Filed - Jackson - Kansas City - April 13, 2020 - 10:53 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   2016-cv10477** |
| | ) | |
| **UNITED AUTO CREDIT CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MOTION FOR CHANGE OF JUDGE**</u>

      COMES NOW, Plaintiff, by and through his undersigned counsel of record, and pursuant to Missouri Supreme Court Rule 51.05, hereby requests a change of judge.

Respectfully submitted,

*/s/ Mark W. Schmitz*
Bryce B. Bell          MO#66841
Mark W. Schmitz      MO#69329
Andrew R. Taylor      MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Court's e-Filing system on April 15, 2020, and thereby served upon all attorneys of record.

*/s/ Mark W. Schmitz*

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:    ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:    at@belllawkc.com

Electronically Filed - Jackson - Kansas City - April 15, 2020 - 11:06 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR )
          **Plaintiff,** )
           )
           )     **Case No. 2016-CV10477**
**v.** )     **Division 8**
           )
UNITED AUTO CREDIT )
CORPORATION )
          **Defendant.** )

## ORDER

Before the Court is Plaintiff's Motion for Change of Judge, filed April 15, 2020. The

Court, being duly advised in the premises and after careful consideration hereby **GRANTS** said

Motion.

**IT IS SO ORDERED**.

4/27/20
_____
Date

_____
**HONORABLE BRYAN E ROUND**

## CERTIFICATE OF SERVICE
I hereby certify that a copy of the foregoing was duly delivered on:
27th day of April, 2020 to:

ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd,
SUITE 580, KANSAS CITY, MO 64108

MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580,
KANSAS CITY, MO 64108, ms@BellLawKC.com

_____
Law Clerk or JAA, Division 8

Case 4:21-cv-00090-BCW   Document 1-1   Filed 02/12/21   Page 26 of 171

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## WESLEY PIERCE V UNITED AUTO CREDIT CORPORATION

CASE NO: **2016-CV10477**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL     ☐ CRIMINAL     ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge     ☐ Recusal          ☐ Certification          ☐ Request for Jury

☐ Change of Venue to _____     ☐ Reciprocal Case          ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____.

### CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.

_____APRIL 27, 2020_____
DATE

_____
JUDGE BRYAN E. ROUND

### ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division _____ pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

_____
DATE

_____
JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____.

ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108, ms@BellLawKC.com

Data Entry Copy

RECEIVING JAA: _____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## WESLEY PIERCE V UNITED AUTO CREDIT CORPORATION

CASE NO: **2016-CV10477**
- ☒ CIRCUIT JUDGE CASE
- ☐ ASSOCIATE CIRCUIT JUDGE CASE
- ☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL ☐ CRIMINAL ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge ☐ Recusal ☐ Certification ☐ Request for Jury
☐ Change of Venue to _____ ☐ Reciprocal Case ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____.

### CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.

| | |
|---|---|
| APRIL 27, 2020 | |
| DATE | JUDGE BRYAN E. ROUND |

### ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division __4__ pursuant to Circuit Court Rule.

☒ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| 28-Apr-2020 | |
| DATE | JUDGE |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on ___28-Apr-2020___.

ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108

MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108, ms@BellLawKC.com

Data Entry Copy

RECEIVING JAA: _____

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **WESLEY PIERCE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Case No. 2016-CV10477** |
| **v.** | ) |
| | )    **Division: 4** |
| | ) |
| **UNITED AUTO CREDIT** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**NOTICE OF PARTIAL VOLUNTARY DISMISSAL**</u>

Pursuant to Rule 67.02(a), Plaintiff Wesley Pierce hereby voluntarily dismisses, without prejudice, his Missouri Merchandising Practices Act ("MMPA") claim against Defendant United Auto Credit Corporation. Plaintiff does not dismiss any other claims in this action.

Respectfully submitted,

*/s/ Andrew R. Taylor*
Bryce B. Bell     MO#66841
Mark W. Schmitz   MO#69329
Andrew R. Taylor   MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this  day of May 15, 2020, a true and accurate copy of the foregoing was

filed with the Court's e-filing system and thereby served via email to all attorneys of record.

Respectfully submitted,

*/s/ Andrew R. Taylor*
Bryce B. Bell      MO#66841
Mark W. Schmitz   MO#69329
Andrew R. Taylor   MO#72157
Bell Law, LLC
2600 Grand Blvd.
Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiff*

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:    ms@belllawkc.com

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 02:28 PM

**IN THE  16TH JUDICIAL CIRCUIT  COURT,  JACKSON COUNTY , MISSOURI**

Wesley Pierce,

        Plaintiff,

                vs.

United Auto Credit Corporation,

        Defendant.

Case Number:  2016-CV10477

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Wesley Pierce, Jr, Plaintiff, in the above-styled cause.

/s/ Bryce B. Bell
Bryce Bruce Bell
Mo Bar Number: 66841
Attorney for Plaintiff
2600 Grand Blvd., Ste. 580
Kansas City, MO 64108
Phone Number: (816) 886-8206
bryce@belllawkc.com

### Certificate of Service

I hereby certify that on _____ May 15th, 2020 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Bryce B. Bell
Bryce Bruce Bell

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com


SERVICE PARTY:   ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:   at@belllawkc.com

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 03:04 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR,                    )
               Plaintiff,       )
      v.                             )      Case No.  2016-CV10477
                        )      Division  4
                        )
UNITED AUTO CREDIT CORPORATION,      )
             Defendant.        )

## NOTICE

You are hereby notified that a case management conference has been rescheduled in the above captioned case for **Friday, September 11, 2020 at 8:30 AM** in Division 4 on the 4th floor of the Jackson County Circuit Court, located at 415 E. 12th Street, Kansas City, Missouri.


_____28-May-2020_____       _Justine E. Del Muro_____
           DATE                    JUSTINE E. DEL MURO, JUDGE

## Certificate of Service

This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/emailed/mailed to the following on ___28-May-2020__.

ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108  ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108
Bryce@BellLawKC.com

_____
Law Clerk, Division 4

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2016-CV10477** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **Division 4** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**NOTICE OF APPEARANCE**

**COMES NOW** the undersigned, Ryan S. Rummage of Burr & Forman LLP, and hereby gives notice of his appearance as counsel of record for Plaintiff United Auto Credit Corporation ("UACC") in the above-captioned case. Counsel requests that copies of all notices, pleadings and other papers in this case be served upon him as counsel for UACC.

Respectfully submitted this 25th day of June, 2020.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:    (205) 251-3000
Facsimile:    (205) 458-5100
rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 25th day of June, 2020, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:    ms@belllawkc.com


SERVICE PARTY:    ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:    at@belllawkc.com


SERVICE PARTY:    BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:    bryce@belllawkc.com

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

WESLEY PIERCE, JR.,                        )
                                           )
              **Plaintiff,**         )
                                           )
v.                                         )
                                           )    **Case No. 2016-CV10477**
UNITED AUTO CREDIT                         )
CORPORATION,                               )    **Division 4**
                                           )
             **Defendant.**         )
                                           )
                                           )

<u>**DEFENDANT UNITED AUTO CREDIT CORPORATION'S ANSWER TO
PLAINTIFF'S PETITION FOR DAMAGES**</u>

COMES NOW Defendant United Auto Credit Corporation ("UACC"), by and through its

undersigned counsel, and for its Answer to Plaintiff's Petition for Damages states as follows:

**PARTIES**

1.     UACC is without sufficient information and knowledge to admit or deny the

allegations in this paragraph at this time and, therefore, denies the same.

2.     UACC admits that it is a California corporation and that it can be served by

serving its registered agent. Except as expressly admitted herein, UACC denies the allegations in

this paragraph.

**JURISDICTION AND VENUE**

3.     UACC states that the allegations in this paragraph contain a legal conclusion to

which no response is required.  To the extent a response is required, UACC denies that Plaintiff

has suffered an injury sufficient to confer jurisdiction upon this Court.

**FACTS COMMON TO ALL COUNTS**

4.     UACC admits that Plaintiff purchased a 2003 GMC Tahoe from Truman Auto

Sales on March 3, 2018.

5.     Admitted.

6.     Admitted.

7.     UACC admits that the dealership assigned the Retail Installment Contract and Security Agreement to UACC. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

8.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

9.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

10.     UACC denies the allegations in this paragraph.

11.     UACC denies the allegations in this paragraph.

12.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

13.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

14.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

15.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

16.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

17.    UACC denies the allegations in this paragraph.

18.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

19.    UACC admits that it received a payment from Pierce in the amount of $345.00 on April 28, 2018.

20.    UACC admits that it received a payment from Pierce in the amount of $341.00 on August 17, 2018.

21.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

22.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

23.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

24.    UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

25.    Admitted.

26.    UACC states that the Missouri Department of Revenue Incomplete Transaction Notice form speaks for itself and denies any mischaracterization of the same.

27.    UACC states that the Missouri Attorney General Consumer Complaint form speaks for itself and denies any mischaracterization of the same.

Electronically Filed - Jackson - Kansas City - June 29, 2020 - 02:03 PM

28.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

29.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

30.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

31.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

32.     Admitted.

33.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

34.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

35.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

36.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

37.     UACC admits that it communicated with Plaintiff. Except as expressly admitted herein, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

38.     UACC denies the allegations in this paragraph.

39.     UACC states that the Missouri Department of Revenue General Affidavit speaks for itself and denies any mischaracterization of the same.

40.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

41.     UACC denies the allegations in this paragraph.

42.     UACC admits that it sent a billing statement dated October 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

43.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated November 11, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

44.     Admitted.

45.     UACC admits that it sent a billing statement dated November 28, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

46.     UACC admits that it sent a billing statement dated December 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

47.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

48.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

49.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated February 2, 2019. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

50.     Admitted.

51.     UACC denies the allegations in this paragraph.

52.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

Electronically Filed - Jackson - Kansas City - June 29, 2020 - 02:03 PM

## COUNT ONE:
## CONVERSION

53.     UACC incorporates by reference all previous as though fully set forth herein.

54.     UACC denies the allegations in this paragraph.

55.     UACC admits that it received a $345.00 payment from Plaintiff on April 28, 2018 and a $341.00 payment from Plaintiff on August 17, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

56.     UACC denies the allegations in this paragraph.

57.     UACC denies the allegations in this paragraph.

58.     UACC denies the allegations in this paragraph.

59.     UACC admits that it has not returned any payments to Plaintiff.

60.     UACC denies the allegations in this paragraph.

61.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 61, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

## COUNT TWO
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

62-74.  Plaintiff dismissed the claim referenced in these paragraphs on May 15, 2020 and, as a result, a response from UACC is not required.

## COUNT THREE:
## VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT

75.     UACC incorporates by reference all previous as though fully set forth herein.

76.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

77.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

78.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

79.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

80.     UACC denies the allegations in this paragraph.

81.     UACC denies the allegations in this paragraph.

82.     UACC denies the allegations in this paragraph.

83.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

84.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

85.     UACC states that § 365.150.2 RSMo. speaks for itself and denies any mischaracterization of the same.

86.     UACC denies the allegations in this paragraph.

87.     UACC states that § 365.150.3 RSMo. speaks for itself and denies any mischaracterization of the same.

88.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 88, UACC denies that Plaintiff is entitled to actual damages, punitive damages, attorneys' fees, or any relief whatsoever.

## DEMAND FOR JURY TRIAL

89.     UACC admits that Plaintiff has demanded a jury trial but denies that it is liable to Plaintiff in any way.

## AFFIRMATIVE DEFENSES

### First DEFENSE

Plaintiff's Petition should be dismissed on the grounds that it fails to state a claim upon which relief can be granted against UACC.

### Second DEFENSE

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

### Third DEFENSE

Any violation of the law or damage suffered by Plaintiff, which UACC denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of UACC.

### Fourth DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third or other parties over which UACC had no responsibility or control and for which UACC may not be held liable.

8

**Fifth DEFENSE**

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

**Sixth DEFENSE**

Plaintiff's claims are barred or limited by the terms of the parties' contract.

**Seventh DEFENSE**

Plaintiff's claims are barred by the Acknowledgment of Certificate of Title Received and release he signed with UACC on or about March 3, 2018.

**Eighth DEFENSE**

Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, acceptance, and ratification.

**Ninth DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 365.010, et seq.

**Tenth DEFENSE**

Plaintiff is not entitled to recover attorney's fees because the elements for an award of attorney's fees under Missouri law have not been met.

**Eleventh DEFENSE**

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process.

**Twelfth DEFENSE**

UACC states that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Missouri, and further states that Plaintiff is not entitled to recover punitive damages under Missouri law to the extent Plaintiff is seeking the same.

**Thirteenth DEFENSE**

Plaintiff is not entitled to an award of punitive damages because an award of punitive damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process, and an award of punitive damages would also violate the Eighth Amendment to the United States Constitution and Article 1, Section 21 of the Constitution of 1945 of the State of Missouri, which prohibit excessive fines and unusual punishment.

**RESERVATION OF DEFENSES**

UACC reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 29th day of June, 2020.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100
rrummage@burr.com
Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this the 29th day of June, 2020, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*
Ryan S. Rummage

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com


SERVICE PARTY:   ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:   at@belllawkc.com


SERVICE PARTY:   BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:   bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - June 29, 2020 - 02:03 PM

`IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2016-CV10477** |
| **v.** | ) | |
| | ) | **Division 4** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW, Plaintiff Wesley Pierce, Jr., by and through his undersigned counsel, and states and alleges as follows:

### AMENDMENT

1.      Plaintiff Wesley Pierce, Jr. ("Wesley" or "Plaintiff") filed his Petition for Damages with this Court on April 6, 2020.

2.      On April 28, 2020, Plaintiff's case was ordered to be transferred, from Division 8 to Division 4.

3.      Pursuant to Rule 55.33(a), Plaintiff now files this First Amended Petition for Damages, written consent to such filing having been given by counsel for Defendant United Auto Credit Corporation on July 7, 2020.

### PARTIES

4.      Plaintiff is an individual Missouri consumer.

5.      Defendant United Auto Credit Corporation ("UACC" and/or "Defendant") is a California corporation that financed the sale in this case. UACC was served with Plaintiff's

1

Petition for Damages on April 8, 2020, and filed a responsive pleading with the Court on June 29, 2020.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue in this Court are proper pursuant to § 407.025 RSMo.

## FACTS COMMON TO ALL COUNTS

7.      On or about March 3, 2018, Wesley purchased, or attempted to purchase, a 2003 GMC Tahoe (VIN: ▮▮▮▮▮▮8809; "the Tahoe") from Truman Auto Sales ("Truman"), located at 5300 Truman Road, Kansas City, Missouri 64127.

8.      Per the Retail Installment Contract and Security Agreement ("the RICSA") between Wesley and Truman, the total sale price of the Tahoe, including a down payment of $1,600.00, was $9,779.44.

9.      The terms underlying the RISCA included a 24.99% APR over two years, entailing twenty-four monthly payments of $340.81, on a financed amount of $6,386.25.

10.      Truman assigned the RISCA to Defendant UACC. Defendant UACC thereby financed the purchase of the Tahoe and became the holder of the RISCA.

11.      The RISCA contained the following language: "**Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof**."

12.      Pursuant to § 400.2-210(5) RSMo., Truman's assignment of the RISCA to UACC entailed "a delegation of performance of the duties of the assignor and its acceptance by the assignee constitut[ing] a promise" to perform the duties of the assignor.

13.      Here, such delegation of duties via assignment of contract included the duty to timely transfer title at the time of delivery.

2

Electronically Filed - Jackson - Kansas City - July 10, 2020 - 04:20 PM

14.     Title did not pass to Wesley at the time of delivery, in violation of § 301.210.4 RSMo. Because UACC was obligated to perform such duty, it violated § 301.210.4 RSMo.

15.     The Tahoe is and was a "motor vehicle," as defined by § 301.010.35 RSMo.

16.     The purchase of the Tahoe constituted the "sale" of a "motor vehicle," as required by § 301.210.4 RSMo.

17.     Because Truman did not pass title to Wesley at the time of delivery, the sale of the Tahoe was "fraudulent and void" per § 301.210.4 RSMo.

18.     The title given to Wesley had the name of some other person where Truman's name may have been expected, along with a large "X" across a significant portion of the title.

19.     Wesley took that facially problematic title to the DMV in an attempt to properly register and obtain tags for the Tahoe; unsurprisingly, an agent of the DMV told Wesley that a title in that condition could not be accepted.

20.     Thus began for Plaintiff an inane and time-consuming relationship with the DMV as he attempted to procure a lawful title for the Tahoe.

21.     In fact, Wesley spent so much time at the DMV that he was essentially on a first-name basis with some of its employees, was at least once ushered immediately to the front of the line, and was kept after closing time because someone at the DMV actually sympathized with his plight. All told, Wesley returned to that Kansas City, Missouri-based DMV between, approximately, 10-15 times, to no avail.

22.     Wesley paid the sales tax on the Tahoe even though he could not register it. However, he was ultimately refunded that sales tax as the licensing agency did not consider him a purchaser of the car for lack of proper titling.

3

23.     Because Wesley had not obtained title to the Tahoe, he was compelled to go finance another vehicle that he could lawfully drive to work.

24.     On or about March 26, 2018, Wesley purchased a 1995 Chevy truck for $1,300.00, which at least allowed him to lawfully drive while the Tahoe lay dormant.

25.     On or about April 27, 2018, Wesley wired a payment of $345.00 to Defendant.

26.     On or about August 16, 2018, Wesley wired a payment of $341.00 to Defendant.

27.     After some number of iterations with the DMV, Plaintiff was told by a representative of a state agency that the Tahoe had a lien on it.

28.     Indeed, Wesley drove from Kansas City to the Missouri Department of Revenue's Motor Vehicle Registration office in Jefferson City in another attempt to obtain a lawful title or at least better understand the Tahoe situation.

29.     There, he was told by an agent of the Driver License Bureau that Truman had not applied for a title for the Tahoe.

30.     Wesley made that drive to Jefferson City on October 22, 2018—over seven months after the fraudulent and void sale of the Tahoe.

31.     On a Missouri Department of Revenue Request for Refund of Taxes or Fees Paid on Vehicle or Marine (Form 426) form dated October 22, 2018, Wesley stated that the reason for such refund request included, "Original tag from dealer is crossed out on other owner name. So tag office wouldn't issue tag for vehicle."

32.     Per a Missouri Department of Revenue Incomplete Transaction Notice (Form 4808) dated November 5, 2018, the Tahoe "could not be registered because there was a disclaimer. Truman Auto Sales needed to obtain a title in their name before selling."

4

33. On a Missouri Attorney General Consumer Complaint form (#CC-2018-10-013459) dated November 7, 2018, Plaintiff's statement included the following averment: "Went to the DMV about 8 months to tag it up they took my payment and called me the next day and told me the computer kicked the registration out due to no good title license because called Truman Auto Sales the same day and told them they need to get me a clear title and sign it over to me."

34. Truman did not obtain what *appeared* to be title to the Tahoe until November 16, 2018, by which time Wesley had long since purchased another truck, spent many exhausting hours at the DMV, and had begun seriously considering legal options.

35. Wesley refused to sign that title.

36. On or about November 27, 2018, Plaintiff signed a retainer agreement with Legal Aid of Western Missouri.

37. On or about December 26, 2018, a Legal Aid attorney faxed a letter to the Office of the Missouri Attorney General.

38. Defendant UACC was cc'd on that faxed letter.

39. That letter from the Legal Aid attorney delineated, among other things, that Wesley had not received title at the time of the Tahoe sale and that he "offered the vehicle back on many occasions and was refused."

40. That letter also averred that, "Mr. Pierce is, to date, still being harassed unlawfully by both Truman Auto Sales and United Auto Credit to keep an unwanted vehicle and pay a debt that arose from a void transaction."

41. On or about March 29, 2019, that same Legal Aid lawyer sent, via certified mail, another letter, which was addressed to Defendant UACC.

5

42.     That second letter again noted that Wesley had not received title at the time of sale, that sale was therefore fraudulent and void, Plaintiff had offered to return the Tahoe multiple times to no avail, and that, "Mr. Pierce is, to date, still being harassed unlawfully by both Truman Auto Sales and United Auto Credit to keep a vehicle he does not own and does not want, as well as to pay a debt that arose from a fraudulent and void transaction."

43.     Wesley was in personal contact with Defendant UACC a number of times over, in particular, the summer and/or autumn of 2018. His primary point of contact at UACC was someone called "Mercedes."

44.     Wesley was contacted numerous times on his personal phone by UACC as it attempted to collect on an unlawful debt.

45.     Plaintiff is in possession of a copy of a document, upon which he had handwritten "To Miss Mercedes," that is a Missouri Department of Revenue General Affidavit (Form 768), which was apparently signed by an agent of Truman on April 9, 2018, and noted that a mistake had been made with the title to the Tahoe.

46.     Wesley informed UACC numerous times that he had not been issued a proper title at the time of sale and had, in fact, spent many hours over the course of months attempting to obtain title to the Tahoe.

47.     Despite the fact that Plaintiff had thoroughly apprised UACC of the lack of proper titling, Mercedes told Wesley that he was still beholden to the RISCA and needed to make payments on the Tahoe.

48.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated October 29, 2018, asserting that he owed $680.41.

6

49.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a Notice of Right to Cure letter on November 11, 2018—over eight months after the fraudulent and void sale of the Tahoe.

50.     That letter asserted that Wesley was in "default" under the terms of the RISCA and owed Defendant $356.58.

51.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated November 28, 2018, asserting that he owed $1,038.20.

52.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a billing statement, dated December 29, 2018, asserting that he owed $1,396.05.

53.     In early January 2019, Wesley received in the mail at his home a license-plate renewal registration form from the Missouri Department of Revenue.

54.     Even though that form was properly addressed to Wesley's home, it had been sent to a "Mauricio M. Jacobo," a person unknown to Plaintiff and quite possibly the former owner of the Tahoe.

55.     Even though the sale of the Tahoe was fraudulent and void and Defendant was well aware of such, UACC sent Wesley a Notice of Right to Cure letter on February 2, 2019—eleven months after the fraudulent and void sale of the Tahoe.

56.     That letter asserted that Wesley was in "default" under the terms of the RISCA and owed Defendant $1,413.09.

57.     Given that Defendant was fully aware of Wesley's predicament, including the fact that, per Missouri law, the sale of the Tahoe was fraudulent and void and that he had spent many,

7

many hours trying to rectify a mistake that was not his, UACC's conduct in this regard was unconscionable, harassing, and unwarranted.

**COUNT ONE:**
**CONVERSION**

58.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

59.     At all times relevant, Plaintiff was the rightful owner of any and all payments made to Defendant as part of the fraudulent and void Tahoe sale.

60.     Defendant took possession of Plaintiffs' $686.00 in total payments on or about, respectively, April 27, 2018 and August 16, 2018.

61.     Defendant took possession of that $686.00 with the intent to exercise control over and to the exclusion of Plaintiff's rights of ownership and possession of the same.

62.     Defendant did in fact exercise such control over the $686.00, thereby depriving Plaintiff of his right of ownership and possession of the same.

63.     Between, generally, March and November 2018, Plaintiff repeatedly offered to return the Tahoe and informed UACC that title had not passed at the time of sale (or for months afterward), such that the sale of the Tahoe was fraudulent and void as a matter of Missouri law .

64.     To date, UACC has and continues to refuse the return of the $686.00.

65.     As a direct and proximate result of United Auto Credit's refusal to return the $686.00, Plaintiff has suffered damages.

66.     UACC's conduct as outlined herein is and was intentional, willful, wanton, fraudulent, reckless, and/or malicious, thereby entitling Plaintiff to the recovery of punitive damages.

8

WHEREFORE, Plaintiff prays for judgment against Defendant UACC in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

**COUNT TWO:**
**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

67.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

68.     The Missouri Merchandising Practices Act, § 407.010 et seq. RSMo. ("MMPA") prohibits unfair and deceptive acts and practices in the sale of goods and services in Missouri.

69.     The sale of the Tahoe was a "sale" of "merchandise" as defined by the MMPA.

70.     The sale of the Tahoe occurred within the state of Missouri.

71.     Plaintiff's  purchase of the Tahoe was primarily for personal, family, or household purposes.

72.     Plaintiff has suffered an ascertainable monetary loss as a result of UACC's unlawful conduct, as described herein.

73.     Pursuant to 15 C.S.R. § 60-8.020, **Unfair Practice in General**, an "Unfair Practice is any practice which – (A) either (1) offends any public policy as it has been established by the . . . statutes or common law of this state or (2) is unethical, oppressive or unscrupulous; and (B) represents a risk of, or causes, substantial injury to consumers."

74.     Pursuant to 15 C.S.R. § 60-8.090, **Illegal Conduct**, "(1) it is an unfair practice for any person in connection with advertisement or sale of merchandise to engage in any method, use or practice which – (A) violates state or federal law intended to protect the public; and (B) presents a risk of, or causes, substantial injury to consumers."

9

75. Pursuant to 15 C.S.R. § 60-9.040, **Fraud in General**, "(1) Fraud includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained."

76. Pursuant to 15 C.S.R. § 60-8.040 **Duty of Good Faith**, "(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

77. Defendant UACC's violations of the MMPA include, but are not limited to, the following:

    a. Failing to act in good faith, as well as acting unethically, oppressively, and unscrupulously, and in contravention of Missouri law, by converting and refusing to return Plaintiff's $686.00.

    b. Failing to act in good faith, as well as acting unethically, oppressively, and unscrupulously, and in contravention of Missouri law, by repeatedly attempting to collect an unlawful debt stemming from the fraudulent and void sale of the Tahoe.

78. Pursuant to § 407.025.1 RSMo., Plaintiff is entitled to the recovery of his actual damages, punitive damages, reasonable attorneys' fees, and equitable relief.

79. Defendant's conduct as outlined herein was intentional, willful, wanton, fraudulent, reckless, and/or malicious, thereby entitling Plaintiff to the recovery of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant UACC in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and post-judgment interest at the greatest rate allowed by statute, reasonable attorneys' fees, and such other and further relief as may be just and proper under the circumstances.

10

## COUNT THREE:
## VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT

80.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

81.     The RISCA was a "retail installment contract" as defined by § 365.020.10 RSMo.

82.     The Tahoe was a "motor vehicle" as defined by § 365.020.5 RSMo.

83.     Section § 365.070.6 RSMo. requires retail installment sale contracts, such as the RISCA here, to include (1) the cash sale price of the motor vehicle, (2) the amount of the buyer's down payment, (3) the difference between items one and two, (4) the principal balance, (5) the time price differential, and (6) the time sale price.

84.     That statute not only requires that those items be listed on the sale contract but that they be *accurate*.

85.     Because the underlying sale was "fraudulent and void," each of these items on the RISCA for the Tahoe was false.

86.     In addition, the RISCA inaccurately lists "$1,600.00" as the total down payment ("cash payment") for the Tahoe.

87.     Further, the RISCA inaccurately lists "0.00" on the "deferred down payment" line.

88.     The requirements of § 365.070.6 RSMo. apply to the RISCA, and therefore are binding and may be enforced equally against the seller and the holder of the contract.

89.     Defendant UACC was the holder of the RISCA for the Tahoe at the time of its sale, or alleged sale, to Plaintiff.

90.     Section § 365.150.2 provides that a violation of § 365.070 bars the seller or holder from recovery "of any time price differential, delinquency or collection charge on the contract."

11

91.    As such, UACC is not entitled to collect any time price differential (i.e., interest), delinquency, or collection charge on the RISCA.

92.    Section 365.150.3 provides a thirty-day (30) safe-harbor period for UACC. However, that safe-harbor period has passed.

93.    Pursuant to §§ 365.145 and 408.551 through 408.562, the violation of § 365.070 renders the holder liable for actual damages, punitive damages, attorneys' fees, and equitable relief.

WHEREFORE, Plaintiff prays for judgment against Defendant UACC in such amount as is allowable by law and to be determined at trial, for his actual damages, punitive damages, pre- and post-judgment interest at the greatest rate allowed by statute, reasonable attorneys' fees, and such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

94.    Plaintiff hereby demands a jury trial on all issues so triable.


Respectfully submitted,


/s/ Andrew R. Taylor
Bryce B. Bell          MO#66841
Mark W. Schmitz        MO#69329
Andrew R. Taylor       MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
Attorneys for Plaintiffs

12

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:     MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:     ms@belllawkc.com


SERVICE PARTY:     BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:     bryce@belllawkc.com


SERVICE PARTY:     RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:     rrummage@burr.com

Electronically Filed - Jackson - Kansas City - July 10, 2020 - 04:20 PM

Electronically Filed - Jackson - Kansas City - July 20, 2020 - 02:39 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2016-CV10477** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **Division 4** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

<u>**DEFENDANT UNITED AUTO CREDIT CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES**</u>

COMES NOW Defendant United Auto Credit Corporation ("UACC"), by and through its undersigned counsel, and for its Answer to Plaintiff's First Amended Petition for Damages states as follows:

## AMENDMENT

1.     Admitted.

2.     Admitted.

3.     Admitted.

## PARTIES

4.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

5.     UACC admits that it is a California corporation, that it can be served by serving its registered agent, and that it filed a responsive pleading on June 29, 2020. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

## JURISDICTION AND VENUE

6.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies that Plaintiff has suffered an injury sufficient to confer jurisdiction upon this Court.

## FACTS COMMON TO ALL COUNTS

7.      UACC admits that Plaintiff purchased a 2003 GMC Tahoe from Truman Auto Sales on March 3, 2018.

8.      Admitted.

9.      Admitted.

10.      UACC admits that the dealership assigned the Retail Installment Contract and Security Agreement to UACC. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

11.      Admitted.

12.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

13.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

14.      UACC denies the allegations in this paragraph.

15.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

16.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

17.     UACC denies the allegations in this paragraph.

18.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

19.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

20.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

21.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

22.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

23.     UACC denies the allegations in this paragraph.

24.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

25.     UACC admits that it received a payment from Pierce in the amount of $345.00 on April 28, 2018.

26.     UACC admits that it received a payment from Pierce in the amount of $341.00 on August 17, 2018.

27.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

28.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

29.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

30.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

31.     UACC states that the Missouri Department of Revenue Request for Refund of Taxes of Fees Paid on Vehicle or Marine form speaks for itself and denies any mischaracterization of the same.

32.     UACC states that the Missouri Department of Revenue Incomplete Transaction Notice form speaks for itself and denies any mischaracterization of the same.

33.     UACC states that the Missouri Attorney General Consumer Complaint form speaks for itself and denies any mischaracterization of the same.

34.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

35.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

36.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

37.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

38.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

39.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

40.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

41.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

42.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

43.     UACC admits that it communicated with Plaintiff. Except as expressly admitted herein, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

44.     UACC denies the allegations in this paragraph.

45.     UACC states that the Missouri Department of Revenue General Affidavit speaks for itself and denies any mischaracterization of the same.

46.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

47.     UACC denies the allegations in this paragraph.

48.     UACC admits that it sent a billing statement dated October 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

49.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated November 11, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

50.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

51.     UACC admits that it sent a billing statement dated November 28, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

52.     UACC admits that it sent a billing statement dated December 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

53.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

54.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

55.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated February 2, 2019. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

56.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

57.     UACC denies the allegations in this paragraph.

**COUNT ONE:**
**CONVERSION**

58.     UACC incorporates by reference all previous as though fully set forth herein.

59.     UACC denies the allegations in this paragraph.

60.     UACC admits that it received a $345.00 payment from Plaintiff on April 28, 2018 and a $341.00 payment from Plaintiff on August 17, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

61.     UACC denies the allegations in this paragraph.

62.     UACC denies the allegations in this paragraph.

63.     UACC denies the allegations in this paragraph.

64.     UACC admits that it has not returned any payments to Plaintiff.

65.     UACC denies the allegations in this paragraph.

66.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 66, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

## COUNT TWO
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

67.     UACC incorporates by reference all previous as though fully set forth herein.

68.     UACC states that the Missouri Merchandising Practices Act speaks for itself and denies any mischaracterization of the same.

69.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies the allegations.

70.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC denies the allegations.

71.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

72.     UACC denies the allegations in this paragraph.

73.     UACC states that 15 C.S.R. § 60-8.020 speaks for itself and denies any mischaracterization of the same.

74.     UACC states that 15 C.S.R. § 60-8.090 speaks for itself and denies any mischaracterization of the same.

75.     UACC states that 15 C.S.R. § 60-9.040 speaks for itself and denies any mischaracterization of the same.

76.     UACC states that 15 C.S.R. § 60-8.040 speaks for itself and denies any mischaracterization of the same.

77.     UACC denies the allegations in this paragraph.

78.     UACC denies the allegations in this paragraph.

79.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 79, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

**COUNT THREE:**
**VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT**

80.     UACC incorporates by reference all previous as though fully set forth herein.

81.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC denies the allegations.

82.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

83.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

84.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

85.     UACC denies the allegations in this paragraph.

86.     UACC denies the allegations in this paragraph.

87.     UACC denies the allegations in this paragraph.

88.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

89.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

90.     UACC states that § 365.150.2 RSMo. speaks for itself and denies any mischaracterization of the same.

91.     UACC denies the allegations in this paragraph.

92.     UACC states that § 365.150.3 RSMo. speaks for itself and denies any mischaracterization of the same.

93.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 93, UACC denies that Plaintiff is entitled to actual damages, punitive damages, attorneys' fees, or any relief whatsoever.

### DEMAND FOR JURY TRIAL

94.    UACC admits that Plaintiff has demanded a jury trial but denies that it is liable to Plaintiff in any way.

### AFFIRMATIVE DEFENSES

### First DEFENSE

Plaintiff's Petition should be dismissed on the grounds that it fails to state a claim upon which relief can be granted against UACC.

### Second DEFENSE

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

### Third DEFENSE

Any violation of the law or damage suffered by Plaintiff, which UACC denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of UACC.

### Fourth DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third or other parties over which UACC had no responsibility or control and for which UACC may not be held liable.

### Fifth DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

**Sixth DEFENSE**

Plaintiff's claims are barred or limited by the terms of the parties' contract.

**Seventh DEFENSE**

Plaintiff's claims are barred by the economic loss doctrine in that Plaintiff seeks to recover in tort for economic losses that are contractual in nature.

**Eighth DEFENSE**

Plaintiff's claims are barred by waiver, estoppel, and estoppel by acquiescence based on the Acknowledgment of Certificate of Title Received and release he signed with UACC on or about March 3, 2018.

**Ninth DEFENSE**

Plaintiff's claims are barred or limited by the doctrines of waiver, equitable estoppel, acceptance, and ratification.

**Tenth DEFENSE**

Plaintiff's claim under the Missouri Merchandising Practices Act should be dismissed on the grounds that the Petition has failed to plead the specific allegations of deception, fraud, or misrepresentation against UACC with sufficient particularity as required by Missouri law.

**Eleventh DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 365.010, et seq.

**Twelfth DEFENSE**

ACA asserts all defenses available to it under R.S.Mo. § 407.010, et seq.

**Thirteenth DEFENSE**

Plaintiff is not entitled to recover attorney's fees because the elements for an award of attorney's fees under Missouri law have not been met.

**Fourteenth DEFENSE**

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process.

**Fifteenth DEFENSE**

UACC states that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Missouri, and further states that Plaintiff is not entitled to recover punitive damages under Missouri law to the extent Plaintiff is seeking the same.

**Sixteenth DEFENSE**

Plaintiff is not entitled to an award of punitive damages because an award of punitive damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process, and an award of punitive damages would also violate the Eighth Amendment to the United States Constitution and Article 1, Section 21 of the Constitution of 1945 of the State of Missouri, which prohibit excessive fines and unusual punishment.

## RESERVATION OF DEFENSES

UACC reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 20th day of July, 2020.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:      (205) 458-5100
rrummage@burr.com
Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 20th day of July, 2020, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*
Ryan S. Rummage

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:    ms@belllawkc.com


SERVICE PARTY:    ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:    at@belllawkc.com


SERVICE PARTY:    BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:    bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - July 20, 2020 - 02:39 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2016-cv10477** |
| **v.** | ) | |
| | ) | **Division: 4** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that true and correct copies of Plaintiff's first discovery requests to Defendant United Auto Credit Corporation (UACC) were served upon UACC's counsel of record, Ryan Rummage, on July 24, 2020. Those discovery requests included:

- Plaintiff's First Requests for Production of Documents to UACC

- Plaintiff's First Interrogatories to UACC

- Plaintiff's First Requests for Admissions to UACC

Respectfully submitted,

*/s/ Andrew R. Taylor*
Bryce B. Bell          MO#66841
Mark W. Schmitz     MO#69329
Andrew R. Taylor    MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108

T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed with the Court's e-filing system on July 24, 2020, and thereby served on all attorneys of record.

*/s/ Andrew R. Taylor*

2

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com


SERVICE PARTY:   BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:   bryce@belllawkc.com


SERVICE PARTY:   RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:   rrummage@burr.com

Electronically Filed - Jackson - Kansas City - July 24, 2020 - 12:07 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **WESLEY PIERCE JR,** | ) |
| | ) |
| **Plaintiff(s),** | )   **Case No. 2016-CV10477** |
| **vs.** | )   **Division  4** |
| | ) |
| **UNITED AUTO CREDIT CORPORATION,** | ) |
| | ) |
| **Defendant(s),** | |

## <u>CASE MANAGEMENT ORDER</u>

Plaintiff(s) appear by: No show

Defendant(s) appear by: R. Rummage

1. This case is reset for case management conference on <u>October 16, 2020 at 8:30 AM</u> in Division 4.

2. Jury/Bench trial shall commence at 9:00 a.m. on _____. It is estimated that the complete trial will last _____ days. It is understood that this is a <u>special setting</u>, and that absent extraordinary circumstances, the trial <u>will not be continued</u>.

   a. If the parties choose to prepare a stipulated scheduling order, the proposed scheduling order shall be provided to the Court for signature within twenty (20) days of the date of this order.

   b. If the parties choose to participate in mediation, mediation shall take place no later than _____. Mediation expenses shall be equally shared by the parties unless otherwise agreed.

3. **OTHER ORDERS/DIRECTIVES:**

   _____

   _____

   _____

   _____

   _____

   _____

| | |
|---|---|
| _____11-Sep-2020_____ | _____ |
| DATE | *Justine E Del Muro* |
| | JUSTINE E DEL MURO, JUDGE |

**Certificate of Service**

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____11-Sep-2020_____.

RYAN SIKES RUMMAGE, Attorney for Defendant, 420 NORTH 20TH ST STE 3400, BIRMINGHAM, AL 35203
-,
ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108
-,
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108
-, ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108
-, Bryce@BellLawKC.com

_____
Law Clerk, Division 4

Electronically Filed - Jackson - Kansas City - September 11, 2020 - 05:19 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| **WESLEY PIERCE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 2016-CV10477** |
| | ) |
| **UNITED AUTO CREDIT** | )     **Division 4** |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## UNITED AUTO CREDIT CORPORATION'S CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Defendant United Auto Credit Corporation, and hereby gives notice that it has served the following discovery documents on counsel of record for Plaintiff Wesley Pierce, Jr. by e-mail on this the 11th day of September, 2020:

1.     United Auto Credit Corporation's Responses to First Interrogatories

2.     United Auto Credit Corporation's Responses to First Requests for Production of Documents

3.     United Auto Credit Corporation's Responses to First Requests for Admissions

These documents are in response to Plaintiff's First Interrogatories to Defendant United Auto Credit Corporation, Plaintiff's First Requests for Production of Documents to Defendant United Auto Credit Corporation, and Plaintiff's First Requests for Admissions to Defendant United Auto Credit Corporation.

Respectfully submitted this 11th day of September, 2020.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100
rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

Electronically Filed - Jackson - Kansas City - September 11, 2020 - 05:19 PM

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this the 11th day of September, 2020, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

<u>/s/ Ryan S. Rummage</u>

Ryan S. Rummage

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:     MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:     ms@belllawkc.com


SERVICE PARTY:     ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:     at@belllawkc.com


SERVICE PARTY:     BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:     bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - September 11, 2020 - 05:19 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| WESLEY PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2016-cv10477 |
| v. | ) | |
| | ) | Division: 4 |
| | ) | |
| UNITED AUTO CREDIT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Wesley Pierce and Defendant United Auto Credit Corporation jointly move the Court for entry of the Agreed Protective Order attached hereto as EXHIBIT A. In support of this motion, the parties state as follows:

Pursuant to Rule 56.01(c), this Court has broad discretion, under a good-cause standard, to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Here, the parties anticipate that discovery may involve the exchange of some confidential and sensitive information. The parties agree, and respectfully submit, that the public disclosure of certain documents could cause a party or person to suffer annoyance, embarrassment, oppression, or undue burden or expense, as contemplated by Rule 56.01(c). Accordingly, the parties jointly propose entry of the Agreed Protective Order, which specifies a process for designating such documents as being confidential so as to constrain them from public disclosure.

WHEREFORE, the parties respectfully move the Court to grant their Joint Motion for Entry of Protective Order for good cause shown, and for such other and further relief as the Court deems just and proper.

Electronically Filed - Jackson - Kansas City - October 15, 2020 - 03:31 PM

_/s/ Andrew Taylor_____
Andrew Robert Taylor  MO#72157
Bryce Bruce Bell         MO#66841
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Telephone: (816) 886-8206
Email: at@belllawkc.com
Email: bbb@belllawkc.com

Attorneys for Plaintiff
WESLEY PIERCE, JR.


/s/ Ryan S. Rummage_____
Ryan S. Rummage
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Email:  rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION


## CERTIFICATE OF SERVICE

     This is to certify that on October 15, 2020, a copy of the above and foregoing was filed via Missouri Casenet and thus served upon all counsel of record.


/s/ Andrew Taylor
Attorney for Plaintiff Wesley Pierce

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **WESLEY PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2016-cv10477** |
| **v.** | ) | |
| | ) | **Division: 4** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### AGREED PROTECTIVE ORDER

The above-styled case is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material").  Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order ("Agreed Protective Order" or "Order"), and for good cause, it is further ORDERED AS FOLLOWS:

1.      "Confidential" information or items means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Missouri Rule of Civil Procedure 56.01(c).

"Confidential" information does not include any information that:

    i.   is publicly available at the time of disclosure;

    ii.  becomes publicly available after disclosure through no fault of the receiving party;

    iii.  was known to the receiving party prior to disclosure; or

      iv.  the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

2.     All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

3.     Furthermore, the parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Order or any confidentiality designation pursuant to it entitle any party to file any information under seal.

4.     If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

5.     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must notify all other parties within ten (10) calendar days that it is withdrawing the mistaken designation, and at the time of that notice produce a clean copy of the mistakenly designated documents which do not bear the improper designation stamp.

2

6.     This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

7.     The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation as "CONFIDENTIAL" is necessary for purposes of this order.

8.     The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL" during the deposition, the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "'CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record.

3

9.      Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity.  As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

10.      Before filing or quoting documents designated "CONFIDENTIAL" in the public record of the action, the party seeking to file or quote such documents shall provide the designating party seven (7) days' advance written notice of its intention to do so. Documents designated "CONFIDENTIAL" may only be filed or quoted in the public record of the action after (1) the designating party consents to such public filing, (2) the designating party fails to seek a filing under seal after receiving seven (7) days' advance written notice of the filing; or (3) the Court denies a motion to seal such documents. For the avoidance of doubt, if the designating party files a motion seeking a sealing order no more than seven (7) days' after receiving written notice of a contemplated filing or quotation, the party seeking to publicly file such documents designated "CONFIDENTIAL" may not file the documents publicly until the Court has denied the motion. If the designating party does not file such a motion within seven (7) days of receiving notice, the document(s) may be filed in the public record without violating this Order.

11.      Alternatively, a receiving party may seek to file under seal any documents designated "CONFIDENTIAL." Documents designated "CONFIDENTIAL" may only be filed under seal pursuant to a court order authorizing the sealing of the specific documents at issue. A sealing order will issue only upon a request establishing that the documents designated

4

"CONFIDENTIAL" at issue are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file documents designated "CONFIDENTIAL" under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court.  Nothing in this section will limit a party's ability to file documents designated "CONFIDENTIAL" under seal, provisionally under seal, or with redactions as afforded by any applicable local or state rules.

12.      In the event that a party files or quotes documents designated "CONFIDENTIAL" publicly without complying with this Order, the filing party shall, upon discovery or notification that such documents were filed or quoted publicly, take immediate steps to have the documents removed from the public domain and re-filed, if at all, under seal in accordance with the provisions above.

13.      If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness and/or expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, fully familiar with its provisions, and execute the attached written assurance.

14.      Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date.  Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

15.     The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

16.     With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation.  Counsel shall attempt to resolve the dispute informally.  If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question.  If such a motion is submitted, the documents and/or information shall be kept confidential pending a ruling on the motion.  The party opposing confidentiality has the burden to prove that the documents and/or information do not deserve such treatment.

17.     After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained within have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court.  Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

18.     This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information.  It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem

6

confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at the final hearing of this matter or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

19.     Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

DONE and ORDERED this _____ day of _____, 2020.

_____
CIRCUIT COURT JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

 /s/ Andrew Taylor
Andrew Robert Taylor  MO#72157
Bryce Bruce Bell        MO#66841
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Telephone: (816) 886-8206
Email: at@belllawkc.com
Email: bbb@belllawkc.com

Attorneys for Plaintiff
WESLEY PIERCE, JR.


/s/ Ryan S. Rummage
Ryan S. Rummage
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Email:  rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

Electronically Filed - Jackson - Kansas City - October 15, 2020 - 03:31 PM

**EXHIBIT 1**

**WRITTEN ASSURANCE**

The undersigned hereby affirms that the undersigned has read and understands the Agreed

Protective Order dated _____, 2020; is and hereby does become a party to such Agreed

Protective Order; and agrees to abide by the terms thereof. This affirmation and agreement is being

made to induce the parties to said actions to make available to the undersigned certain items

designated as "CONFIDENTIAL."

Done this day of _____, 2020

Name:          _____

Signature:      _____

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com


SERVICE PARTY:   BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:   bryce@belllawkc.com


SERVICE PARTY:   RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:   rrummage@burr.com

Electronically Filed - Jackson - Kansas City - October 15, 2020 - 03:31 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR,               )
                                 )
              **Plaintiff(s),**     )    **Case No. 2016-CV10477**

vs.                                )    **Division  4**
                                 )

**UNITED AUTO CREDIT CORPORATION,**   )
                                 )
              **Defendant(s),**

## CASE MANAGEMENT ORDER

Plaintiff(s) appear by: A. Taylor

Defendant(s) appear by: R. Rummage

1.  This case is reset for case management conference on _____ in Division 4.

2.  Jury trial shall commence at 9:00 a.m. on <u>August 30, 2021</u>.  It is estimated that the complete trial will last 3 days.  It is understood that this is a <u>special setting</u>, and that absent extraordinary circumstances, the trial <u>will not be continued</u>.

    a.  If the parties choose to prepare a stipulated scheduling order, the proposed scheduling order shall be provided to the Court for signature within twenty (20) days of the date of this order.

    b.  If the parties choose to participate in mediation, mediation shall take place no later than May 28, 2021.  Mediation expenses shall be equally shared by the parties unless otherwise agreed.

3.  **OTHER ORDERS/DIRECTIVES:**

    _____

    _____

    _____

    _____

    _____

    _____

_____      _____
    16-Oct-2020                                JUSTINE E DEL MURO, JUDGE
       DATE

**Certificate of Service**

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____16-Oct-2020_____.

RYAN SIKES RUMMAGE, Attorney for Defendant, 420 NORTH 20TH ST  STE  3400, BIRMINGHAM, AL 35203
-,
ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108
-,
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108
-, ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108
-, Bryce@BellLawKC.com

_____

Law Clerk, Division 4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR,        )
         Plaintiff,      )
   v.            )        Case No.   2016-CV10477
                 )        Division   4
                 )
UNITED AUTO CREDIT CORPORATION,   )
        Defendant.     )

## ORDER

    **NOW** on this 20th day of October, 2020, the Court takes up the Parties' Joint Motion for Entry of Protective Order, filed October 15, 2020. Upon careful review and being fully apprised in the premises;

    **IT IS HEREBY ORDERED** that the Parties' Joint Motion for Entry of Protective Order is **GRANTED.**

    **IT IS FURTHER ORDERED** that the agreed protective order is deemed filed as of the date of this Order.

    **IT IS SO ORDERED.**

_____20-Oct-2020_____      _Justine E Del Muro_____
          DATE                   JUSTINE E DEL MURO JUDGE

## Certificate of Service

This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/emailed/mailed to the following on _20-Oct-2020_____.

RYAN SIKES RUMMAGE, Attorney for Defendant, 420 NORTH 20TH ST STE 3400, BIRMINGHAM, AL 35203
ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108 ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108 Bryce@BellLawKC.com

_____
Law Clerk, Division 4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **WESLEY PIERCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2016-cv10477** |
| **v.** ) | |
| ) | **Division: 4** |
| ) | |
| **UNITED AUTO CREDIT** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>AGREED PROTECTIVE ORDER</u>

The above-styled case is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order ("Agreed Protective Order" or "Order"), and for good cause, it is further ORDERED AS FOLLOWS:

1. "Confidential" information or items means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Missouri Rule of Civil Procedure 56.01(c).

"Confidential" information does not include any information that:

 i. is publicly available at the time of disclosure;

 ii. becomes publicly available after disclosure through no fault of the receiving party;

 iii. was known to the receiving party prior to disclosure; or

iv. the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

2. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

3. Furthermore, the parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Order or any confidentiality designation pursuant to it entitle any party to file any information under seal.

4. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

5. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must notify all other parties within ten (10) calendar days that it is withdrawing the mistaken designation, and at the time of that notice produce a clean copy of the mistakenly designated documents which do not bear the improper designation stamp.

2

6.     This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

7.     The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation as "CONFIDENTIAL" is necessary for purposes of this order.

8.     The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL" during the deposition, the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "'CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record.

9.      Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity.  As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

10.      Before filing or quoting documents designated "CONFIDENTIAL" in the public record of the action, the party seeking to file or quote such documents shall provide the designating party seven (7) days' advance written notice of its intention to do so. Documents designated "CONFIDENTIAL" may only be filed or quoted in the public record of the action after (1) the designating party consents to such public filing, (2) the designating party fails to seek a filing under seal after receiving seven (7) days' advance written notice of the filing; or (3) the Court denies a motion to seal such documents. For the avoidance of doubt, if the designating party files a motion seeking a sealing order no more than seven (7) days' after receiving written notice of a contemplated filing or quotation, the party seeking to publicly file such documents designated "CONFIDENTIAL" may not file the documents publicly until the Court has denied the motion. If the designating party does not file such a motion within seven (7) days of receiving notice, the document(s) may be filed in the public record without violating this Order.

11.      Alternatively, a receiving party may seek to file under seal any documents designated "CONFIDENTIAL." Documents designated "CONFIDENTIAL" may only be filed under seal pursuant to a court order authorizing the sealing of the specific documents at issue. A sealing order will issue only upon a request establishing that the documents designated

4

"CONFIDENTIAL" at issue are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file documents designated "CONFIDENTIAL" under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court. Nothing in this section will limit a party's ability to file documents designated "CONFIDENTIAL" under seal, provisionally under seal, or with redactions as afforded by any applicable local or state rules.

12.     In the event that a party files or quotes documents designated "CONFIDENTIAL" publicly without complying with this Order, the filing party shall, upon discovery or notification that such documents were filed or quoted publicly, take immediate steps to have the documents removed from the public domain and re-filed, if at all, under seal in accordance with the provisions above.

13.     If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness and/or expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, fully familiar with its provisions, and execute the attached written assurance.

14.     Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

5

15.    The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

16.    With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is submitted, the documents and/or information shall be kept confidential pending a ruling on the motion. The party opposing confidentiality has the burden to prove that the documents and/or information do not deserve such treatment.

17.    After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained within have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

18.    This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem

6

confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at the final hearing of this matter or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

19.     Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

**IT IS SO ORDERED**.

20-Oct-2020
DATE

JUSTINE E. DEL MURO, JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/ Andrew Taylor*

Andrew Robert Taylor  MO#72157
Bryce Bruce Bell        MO#66841
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Telephone: (816) 886-8206
Email: at@belllawkc.com
Email: bbb@belllawkc.com

Attorneys for Plaintiff
WESLEY PIERCE, JR.


*/s/ Ryan S. Rummage*

Ryan S. Rummage
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Email:  rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

8

**EXHIBIT 1**

**WRITTEN ASSURANCE**

The undersigned hereby affirms that the undersigned has read and understands the Agreed Protective Order dated _____, 2020; is and hereby does become a party to such Agreed Protective Order; and agrees to abide by the terms thereof. This affirmation and agreement is being made to induce the parties to said actions to make available to the undersigned certain items designated as "CONFIDENTIAL."

Done this day of _____, 2020

Name: _____

Signature: _____

Electronically Filed - Jackson - Kansas City - November 05, 2020 - 01:27 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2016-cv10477** |
| **v.** | ) | |
| | ) | **Division: 4** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATED SCHEDULING ORDER**

1.  Jury trial shall commence at 9:00 a.m. on **August 30, 2021**. It is estimated that the complete trial will last 3 days. It is understood that this is a <u>special setting</u>, and that absent extraordinary circumstances, the trial <u>will not be continued</u>.

2.  The deadline to file a motion to amend or a motion to add parties is **January 15, 2021**.

3.  Plaintiff(s) shall designate all expert witnesses on or before **February 12, 2021**.

4.  Defendant(s) shall designate all expert witnesses on or before **March 12, 2021**.

5.  All discovery will be completed on or before **April 16, 2021**.

6.  All dispositive motions will be filed on or before **May 14, 2021**.

7.  If the parties choose to participate in mediation, mediation shall take place no later than **May 28, 2021**. Mediation expenses shall be equally shared by the parties unless otherwise agreed.


_____              _____
DATE                                         JUSTINE E DEL MURO, JUDGE

**AGREED TO BY:**

*/s/ Andrew Taylor*
Andrew Robert Taylor
Bryce Bruce Bell
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Telephone: (816) 886-8206
Email: at@belllawkc.com
Email: bbb@belllawkc.com

Attorneys for Plaintiff
WESLEY PIERCE, JR.


*/s/ Ryan S. Rummage*
Ryan S. Rummage
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Email:  rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

Electronically Filed - Jackson - Kansas City - November 05, 2020 - 01:27 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:     MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:     ms@belllawkc.com


SERVICE PARTY:     ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:     at@belllawkc.com


SERVICE PARTY:     BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:     bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - November 05, 2020 - 01:27 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE,      )
                           )
            **Plaintiff,**    )
                           )   **Case No. 2016-CV10477**
**v.**                      )
                           )   **Division: 4**
                           )
**UNITED AUTO CREDIT**   )
**CORPORATION,**       )
                           )
          **Defendant.**   )

> **FILED**
> **DIVISION 4**
> **07-Dec-2020  11:15**
> CIRCUIT COURT OF JACKSON COUNTY, MO
> BY _____

## STIPULATED SCHEDULING ORDER

**NOW** on this 7th day of December, 2020, the Court being fully advised, and pursuant to the agreement by counsel for the parties enters the following Scheduling Order:

1. Jury trial shall commence at 9:00 a.m. on **August 30, 2021**. It is estimated that the complete trial will last 3 days. It is understood that this is a <u>special setting</u>, and that absent extraordinary circumstances, the trial <u>will not be continued</u>.

2. The deadline to file a motion to amend or a motion to add parties is **January 15, 2021**.

3. Plaintiff(s) shall designate all expert witnesses on or before **February 12, 2021**.

4. Defendant(s) shall designate all expert witnesses on or before **March 12, 2021**.

5. All discovery will be completed on or before **April 16, 2021**.

6. All dispositive motions will be filed on or before **May 14, 2021**.

7. If the parties choose to participate in mediation, mediation shall take place no later than **May 28, 2021**. Mediation expenses shall be equally shared by the parties unless otherwise agreed.

8. **Pretrial conferences** may be scheduled two (2) weeks prior to trial, only upon request of the parties.

9. The parties shall provide the Court and court reporter with hard copies of **witness and exhibit lists** in the format listed on the Division 4 web page for the 16th Judicial Circuit (See, "Forms" section). The parties shall contact the court reporter the prior to trial to discuss numbering exhibits.

10. The Parties shall contact the division to arrange a time to **set up audio-video equipment** in the courtroom.

11. The parties may amend this scheduling order by agreement of the parties as long as any amendment does not affect the trial date. Any changes not agreed to by the parties will require leave of Court. In the event that the parties amend the Scheduling Order by agreement, said amended scheduling shall be filed with the court.

12. All proposed jury instructions with (MAI citations) in Word format shall be emailed to the Division 4 Law Clerk no later than the morning of trial.

**IT IS SO ORDERED.**

_____07-Dec-2020_____         _Justine E Del Muro_____

DATE              JUDGE JUSTINE E DEL MURO

**AGREED TO BY:**

*/s/ Andrew Taylor*
Andrew Robert Taylor
Bryce Bruce Bell
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Telephone: (816) 886-8206
Email: at@belllawkc.com
Email: bbb@belllawkc.com

Attorneys for Plaintiff
WESLEY PIERCE, JR.


*/s/ Ryan S. Rummage*
Ryan S. Rummage
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Email: rrummage@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2016-CV10477** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **Division 4** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## UNITED AUTO CREDIT CORPORATION'S CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Defendant United Auto Credit Corporation, and hereby gives notice that it has served the following discovery documents on counsel of record for Plaintiff Wesley Pierce, Jr. by U.S. mail, postage prepaid, and by e-mail attachment in Word format on this the 11th day of January, 2021:

1.  Defendant United Auto Credit Corporation's First Set of Interrogatories to Plaintiff

2.  Defendant United Auto Credit Corporation's First Request for Production of Documents to Plaintiff

Respectfully submitted this 11th day of January, 2021.

> */s/ Ryan S. Rummage*
> Ryan S. Rummage (MO Bar #69871)
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL 35203
> Telephone:     (205) 251-3000
> Facsimile:      (205) 458-5100
> rrummage@burr.com
>
> Attorney for Defendant
> UNITED AUTO CREDIT CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 11th day of January, 2021, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*
Ryan S. Rummage

44807126 v1

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:  MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:  ms@belllawkc.com


SERVICE PARTY:  ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:  at@belllawkc.com


SERVICE PARTY:  BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:  bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - January 11, 2021 - 04:05 PM

Electronically Filed - Jackson - Kansas City - January 15, 2021 - 10:38 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2016-CV10477** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **Division 4** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER TO FIRST**
**AMENDED PETITION**

COMES NOW Defendant United Auto Credit Corporation ("UACC"), and, pursuant to the Court's Stipulated Scheduling Order, moves for leave to file an Amended Answer to the First Amended Petition. UACC's proposed Amended Answer is attached hereto as Exhibit A. In support of this Motion, UACC states as follows:

1.      On December 7, 2020, the Court entered a Stipulated Scheduling Order. Among other pretrial deadlines, the Order states that the "deadline to file a motion to amend or a motion to add parties is January 15, 2021."

2.      Pursuant to this deadline, UACC hereby files this Motion for Leave to File Amended Answer so that it can assert additional affirmative defenses.

3.      In such a situation, "leave shall be freely given when justice so requires." Mo. Sup. Ct. R. 55.33(a). "The factors the trial court should consider in determining whether to permit amendment of an answer include: (1) the hardship to the moving party if the request is denied; (2) the reasons for failure to include the matter in a designated pleading; and (3) the injustice or

prejudice caused the opposing party if the request is granted." *Green v. City of St. Louis*, 870 S.W.2d 794, 797 (Mo. banc 1994).

4.      Here, UACC will suffer hardship if it is unable to assert various affirmative defenses to the claims brought by the Plaintiff, as it will not be able to properly defend itself against these claims. UACC did not include these affirmative defenses in its original Answer to the First Amended Petition but seeks to assert them now that some discovery has been completed and UACC has a better understanding of the facts and law at issue in the litigation. Finally, Plaintiff will not experience any prejudice by such an amendment. Not only is UACC moving to amend within the deadline provided by the Court, but Plaintiff still has three months to complete discovery on any new affirmative defense asserted by UACC.

5.      As a result, and in accordance with the Court's Stipulated Scheduling Order and Rule 55.33's instruction that leave should be "freely given," UACC moves the Court for leave to file the Amended Answer to the First Amended Petition, attached hereto as Exhibit A.

6.      Counsel for UACC has consulted with counsel for Plaintiff, and Plaintiff does not oppose this Motion.

Respectfully submitted this 15th day of January, 2021.

> */s/ Ryan S. Rummage*
> Ryan S. Rummage (MO Bar #69871)
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL 35203
> Telephone:      (205) 251-3000
> Facsimile:      (205) 458-5100
> rrummage@burr.com
>
> Attorney for Defendant
> UNITED AUTO CREDIT CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of January, 2021, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*
Ryan S. Rummage

Electronically Filed - Jackson - Kansas City - January 15, 2021 - 10:38 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| WESLEY PIERCE, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 2016-CV10477** |
| UNITED AUTO CREDIT | ) | |
| CORPORATION, | ) | **Division 4** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

<u>**DEFENDANT UNITED AUTO CREDIT CORPORATION'S AMENDED ANSWER TO**</u>
<u>**PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES**</u>

COMES NOW Defendant United Auto Credit Corporation ("UACC"), by and through its undersigned counsel, and for its Amended Answer to Plaintiff's First Amended Petition for Damages states as follows:

**AMENDMENT**

1.      Admitted.

2.      Admitted.

3.      Admitted.

**PARTIES**

4.      UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

5.      UACC admits that it is a California corporation, that it can be served by serving its registered agent, and that it filed a responsive pleading on June 29, 2020. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

## JURISDICTION AND VENUE

6.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies that Plaintiff has suffered an injury sufficient to confer jurisdiction upon this Court.

## FACTS COMMON TO ALL COUNTS

7.      UACC admits that Plaintiff purchased a 2003 GMC Tahoe from Truman Auto Sales on March 3, 2018.

8.      Admitted.

9.      Admitted.

10.      UACC admits that the dealership assigned the Retail Installment Contract and Security Agreement to UACC.  Except as expressly admitted herein, UACC denies the allegations in this paragraph.

11.      Admitted.

12.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

13.      UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

14.      UACC denies the allegations in this paragraph.

15.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

16.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

17.     UACC denies the allegations in this paragraph.

18.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

19.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

20.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

21.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

22.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

23.     UACC denies the allegations in this paragraph.

24.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

25.     UACC admits that it received a payment from Pierce in the amount of $345.00 on April 28, 2018.

26.     UACC admits that it received a payment from Pierce in the amount of $341.00 on August 17, 2018.

27.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

28.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

29.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

30.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

31.     UACC states that the Missouri Department of Revenue Request for Refund of Taxes of Fees Paid on Vehicle or Marine form speaks for itself and denies any mischaracterization of the same.

32.     UACC states that the Missouri Department of Revenue Incomplete Transaction Notice form speaks for itself and denies any mischaracterization of the same.

33.     UACC states that the Missouri Attorney General Consumer Complaint form speaks for itself and denies any mischaracterization of the same.

34.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

35.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

36.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

37.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

38.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

39.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

40.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

41.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

42.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

43.     UACC admits that it communicated with Plaintiff. Except as expressly admitted herein, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

44.     UACC denies the allegations in this paragraph.

45.     UACC states that the Missouri Department of Revenue General Affidavit speaks for itself and denies any mischaracterization of the same.

46.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

47.     UACC denies the allegations in this paragraph.

48.     UACC admits that it sent a billing statement dated October 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

49.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated November 11, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

50.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

51.     UACC admits that it sent a billing statement dated November 28, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

52.     UACC admits that it sent a billing statement dated December 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

53.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

54.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

55.     UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated February 2, 2019. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

56.     UACC states that the letter speaks for itself and denies any mischaracterization of the same.

57.     UACC denies the allegations in this paragraph.

## COUNT ONE:
## CONVERSION

58.     UACC incorporates by reference all previous as though fully set forth herein.

59.     UACC denies the allegations in this paragraph.

60.     UACC admits that it received a $345.00 payment from Plaintiff on April 28, 2018 and a $341.00 payment from Plaintiff on August 17, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

61.     UACC denies the allegations in this paragraph.

62.     UACC denies the allegations in this paragraph.

63.     UACC denies the allegations in this paragraph.

64.     UACC denies the allegations in this paragraph.

65.     UACC denies the allegations in this paragraph.

66.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 66, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

**COUNT TWO**
**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

67.     UACC incorporates by reference all previous as though fully set forth herein.

68.     UACC states that the Missouri Merchandising Practices Act speaks for itself and denies any mischaracterization of the same.

69.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies the allegations.

70.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC denies the allegations.

71.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

72.     UACC denies the allegations in this paragraph.

73.     UACC states that 15 C.S.R. § 60-8.020 speaks for itself and denies any mischaracterization of the same.

74.     UACC states that 15 C.S.R. § 60-8.090 speaks for itself and denies any mischaracterization of the same.

75.     UACC states that 15 C.S.R. § 60-9.040 speaks for itself and denies any mischaracterization of the same.

76.     UACC states that 15 C.S.R. § 60-8.040 speaks for itself and denies any mischaracterization of the same.

77.     UACC denies the allegations in this paragraph.

78.     UACC denies the allegations in this paragraph.

79.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 79, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

**COUNT THREE:**
**VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT**

80.     UACC incorporates by reference all previous as though fully set forth herein.

81.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

82.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

83.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

84.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

85.     UACC denies the allegations in this paragraph.

86.     UACC denies the allegations in this paragraph.

87.     UACC denies the allegations in this paragraph.

88.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

89.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

90.     UACC states that § 365.150.2 RSMo. speaks for itself and denies any mischaracterization of the same.

91.     UACC denies the allegations in this paragraph.

92.     UACC states that § 365.150.3 RSMo. speaks for itself and denies any mischaracterization of the same.

93.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 93, UACC denies that Plaintiff is entitled to actual damages, punitive damages, attorneys' fees, or any relief whatsoever.

**DEMAND FOR JURY TRIAL**

94.     UACC admits that Plaintiff has demanded a jury trial but denies that it is liable to Plaintiff in any way.

**<u>AFFIRMATIVE DEFENSES</u>**

**First DEFENSE**

Plaintiff's Petition should be dismissed on the grounds that it fails to state a claim upon which relief can be granted against UACC.

**Second DEFENSE**

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

**Third DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which UACC denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of UACC.

**Fourth DEFENSE**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third or other parties over which UACC had no responsibility or control and for which UACC may not be held liable.

**Fifth DEFENSE**

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

**Sixth DEFENSE**

Plaintiff's claims are barred or limited by the terms of the parties' contract.

**Seventh DEFENSE**

Plaintiff's claims are barred by the economic loss doctrine in that Plaintiff seeks to recover in tort for economic losses that are contractual in nature.

**Eighth DEFENSE**

Plaintiff's claims are barred by waiver, estoppel, and estoppel by acquiescence based on the Acknowledgment of Certificate of Title Received and release he signed with UACC on or about March 3, 2018.

**Ninth DEFENSE**

Plaintiff's claims are barred or limited by the doctrines of waiver, equitable estoppel, acceptance, and ratification.

**Tenth DEFENSE**

Plaintiff's claim under the Missouri Merchandising Practices Act should be dismissed on the grounds that the Petition has failed to plead the specific allegations of deception, fraud, or misrepresentation against UACC with sufficient particularity as required by Missouri law.

**Eleventh DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 365.010, et seq.

**Twelfth DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 407.010, et seq.

**Thirteenth DEFENSE**

Plaintiff is not entitled to recover attorney's fees because the elements for an award of attorney's fees under Missouri law have not been met.

**Fourteenth DEFENSE**

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process.

**Fifteenth DEFENSE**

UACC states that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Missouri, and further states that Plaintiff is not entitled to recover punitive damages under Missouri law to the extent Plaintiff is seeking the same.

**Sixteenth DEFENSE**

Plaintiff is not entitled to an award of punitive damages because an award of punitive damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process, and an award of punitive damages would also violate the Eighth Amendment to the United States Constitution and Article 1, Section 21 of the Constitution of 1945 of the State of Missouri, which prohibit excessive fines and unusual punishment.

**Seventeenth DEFENSE**

Any recovery obtained by Plaintiff is limited to the amounts actually paid to UACC under the FTC Holder Rule.

## Eighteenth DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## Nineteenth DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine because he voluntarily made the payments at issue.

## Twentieth DEFENSE

Plaintiff's claims are barred because he accepted, ratified, and retained the benefits of the contracts in question.

## Twenty-first DEFENSE

UACC is entitled to indemnity and/or contribution from any person or entity that caused Plaintiff's injuries.

## Twenty-second DEFENSE

Plaintiff's claims are barred by assumption of the risk because Plaintiff's damages were caused by his own acts or omissions.

## Twenty-third DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff took possession of the vehicle without receiving title.

## Twenty-fourth DEFENSE

Plaintiff's MMPA claim fails because UACC is exempt from MMPA liability as a regulated entity. *See* Mo. Ann. Stat. § 407.020.2(2).

**RESERVATION OF DEFENSES**

UACC reserves the right to assert additional defenses as discovery progresses.  To the extent that any of the foregoing allegations in the Petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 15th day of January, 2021.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100
rrummage@burr.com
Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 15th day of January, 2021, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

*/s/ Ryan S. Rummage*
Ryan S. Rummage

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:    ms@belllawkc.com


SERVICE PARTY:    ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:    at@belllawkc.com


SERVICE PARTY:    BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:    bryce@belllawkc.com

Electronically Filed - Jackson - Kansas City - January 15, 2021 - 10:38 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WESLEY PIERCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2016-CV10477** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | **Division 4** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>ORDER</u>

Pending before the Court is UACC's Unopposed Motion for Leave to File Amended Answer to First Amended Petition. The Motion is hereby GRANTED, and the Amended Answer is deemed filed as of today's date.

IT IS SO ORDERED this ____ day of _____, 2021.


_____
Judge Justine E. Del Muro

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **WESLEY PIERCE JR,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 2016-CV10477** |
| **vs.** | ) **Division 4** |
| | ) |
| **UNITED AUTO CREDIT CORPORATION,** | ) |
| | ) |
| **Defendant,** | |

### ORDER

**NOW** on this 27th day of January, 2021, the Court takes up Defendant's Unopposed Motion for Leave to File Amended Answer to First Amended Petition, filed January 15, 2021. There being no opposition:

**IT IS HEREBY ORDERED** that Defendant's Unopposed Motion for Leave to File Amended Answer to First Amended Petition is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Amended Answer is deemed filed as of the date of this Order.

**IT IS SO ORDERED**.

| | |
|---|---|
| 27-Jan-2021 | _Justine E. Del Muro_ |
| DATE | JUSTINE E. DEL MURO, JUDGE |

**Certificate of Service**

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____27-Jan-2021_____.

RYAN SIKES RUMMAGE, Attorney for Defendant, 420 NORTH 20TH ST STE 3400, BIRMINGHAM, AL 35203-,
ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580, KANSAS CITY, MO 64108-,
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108-, ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108-, Bryce@BellLawKC.com

Law Clerk, Division 4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

FILED
DIVISION 4
27-Jan-2021 13:20
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____ Magh Roby

WESLEY PIERCE, JR., )
)
        **Plaintiff,** )
)
v. )
)
UNITED AUTO CREDIT )
CORPORATION, )
)
        **Defendant.** )
)
)

**Case No. 2016-CV10477**

**Division 4**

## DEFENDANT UNITED AUTO CREDIT CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Defendant United Auto Credit Corporation ("UACC"), by and through its undersigned counsel, and for its Amended Answer to Plaintiff's First Amended Petition for Damages states as follows:

### AMENDMENT

1.     Admitted.

2.     Admitted.

3.     Admitted.

### PARTIES

4.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

5.     UACC admits that it is a California corporation, that it can be served by serving its registered agent, and that it filed a responsive pleading on June 29, 2020. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

43831451 v1

## JURISDICTION AND VENUE

6.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies that Plaintiff has suffered an injury sufficient to confer jurisdiction upon this Court.

## FACTS COMMON TO ALL COUNTS

7.     UACC admits that Plaintiff purchased a 2003 GMC Tahoe from Truman Auto Sales on March 3, 2018.

8.     Admitted.

9.     Admitted.

10.     UACC admits that the dealership assigned the Retail Installment Contract and Security Agreement to UACC. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

11.     Admitted.

12.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

13.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

14.     UACC denies the allegations in this paragraph.

15.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

16.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

17.     UACC denies the allegations in this paragraph.

18.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

19.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

20.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

21.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

22.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

23.     UACC denies the allegations in this paragraph.

24.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

25.     UACC admits that it received a payment from Pierce in the amount of $345.00 on April 28, 2018.

26.     UACC admits that it received a payment from Pierce in the amount of $341.00 on August 17, 2018.

27.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

28.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

29.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

30.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

31.     UACC states that the Missouri Department of Revenue Request for Refund of Taxes of Fees Paid on Vehicle or Marine form speaks for itself and denies any mischaracterization of the same.

32.     UACC states that the Missouri Department of Revenue Incomplete Transaction Notice form speaks for itself and denies any mischaracterization of the same.

33.     UACC states that the Missouri Attorney General Consumer Complaint form speaks for itself and denies any mischaracterization of the same.

34.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

35.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

36. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

37. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

38. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

39. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

40. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

41. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

42. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

43. UACC admits that it communicated with Plaintiff. Except as expressly admitted herein, UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

44. UACC denies the allegations in this paragraph.

45. UACC states that the Missouri Department of Revenue General Affidavit speaks for itself and denies any mischaracterization of the same.

46. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

47. UACC denies the allegations in this paragraph.

48. UACC admits that it sent a billing statement dated October 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

49. UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated November 11, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

50. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

51. UACC admits that it sent a billing statement dated November 28, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

52. UACC admits that it sent a billing statement dated December 29, 2018 to the Plaintiff. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

53. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

54. UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

55. UACC admits that it sent Plaintiff a Notice of Right to Cure letter dated February 2, 2019. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

56. UACC states that the letter speaks for itself and denies any mischaracterization of the same.

57. UACC denies the allegations in this paragraph.

## COUNT ONE:
## CONVERSION

58. UACC incorporates by reference all previous as though fully set forth herein.

59. UACC denies the allegations in this paragraph.

60.     UACC admits that it received a $345.00 payment from Plaintiff on April 28, 2018 and a $341.00 payment from Plaintiff on August 17, 2018. Except as expressly admitted herein, UACC denies the allegations in this paragraph.

61.     UACC denies the allegations in this paragraph.

62.     UACC denies the allegations in this paragraph.

63.     UACC denies the allegations in this paragraph.

64.     UACC denies the allegations in this paragraph.

65.     UACC denies the allegations in this paragraph.

66.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 66, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

## COUNT TWO
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

67.     UACC incorporates by reference all previous as though fully set forth herein.

68.     UACC states that the Missouri Merchandising Practices Act speaks for itself and denies any mischaracterization of the same.

69.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC denies the allegations.

70.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, UACC denies the allegations.

71.     UACC is without sufficient information and knowledge to admit or deny the allegations in this paragraph at this time and, therefore, denies the same.

72.     UACC denies the allegations in this paragraph.

73.     UACC states that 15 C.S.R. § 60-8.020 speaks for itself and denies any mischaracterization of the same.

74.     UACC states that 15 C.S.R. § 60-8.090 speaks for itself and denies any mischaracterization of the same.

75.     UACC states that 15 C.S.R. § 60-9.040 speaks for itself and denies any mischaracterization of the same.

76.     UACC states that 15 C.S.R. § 60-8.040 speaks for itself and denies any mischaracterization of the same.

77.     UACC denies the allegations in this paragraph.

78.     UACC denies the allegations in this paragraph.

79.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 79, UACC denies that Plaintiff is entitled to actual damages, punitive damages, or any relief whatsoever.

**COUNT THREE:**
**VIOLATIONS OF THE MISSOURI MOTOR VEHICLE TIME SALES ACT**

80.     UACC incorporates by reference all previous as though fully set forth herein.

81.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent a response is required, UACC denies the allegations.

82.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

83.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

84.     UACC states that § 365.070.6 RSMo. speaks for itself and denies any mischaracterization of the same.

85.     UACC denies the allegations in this paragraph.

86.     UACC denies the allegations in this paragraph.

87.     UACC denies the allegations in this paragraph.

88.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

89.     UACC states that the allegations in this paragraph contain a legal conclusion to which no response is required.   To the extent a response is required, UACC denies the allegations.

90.     UACC states that § 365.150.2 RSMo. speaks for itself and denies any mischaracterization of the same.

91.     UACC denies the allegations in this paragraph.

92.     UACC states that § 365.150.3 RSMo. speaks for itself and denies any mischaracterization of the same.

93.     UACC denies the allegations in this paragraph.

In response to the paragraph beginning with "WHEREFORE" and located below paragraph 93, UACC denies that Plaintiff is entitled to actual damages, punitive damages, attorneys' fees, or any relief whatsoever.

<strong>DEMAND FOR JURY TRIAL</strong>

94.     UACC admits that Plaintiff has demanded a jury trial but denies that it is liable to Plaintiff in any way.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

<strong>First DEFENSE</strong>

Plaintiff's Petition should be dismissed on the grounds that it fails to state a claim upon which relief can be granted against UACC.

<strong>Second DEFENSE</strong>

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

<strong>Third DEFENSE</strong>

Any violation of the law or damage suffered by Plaintiff, which UACC denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of UACC.

<strong>Fourth DEFENSE</strong>

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third or other parties over which UACC had no responsibility or control and for which UACC may not be held liable.

<strong>Fifth DEFENSE</strong>

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

**Sixth DEFENSE**

Plaintiff's claims are barred or limited by the terms of the parties' contract.

**Seventh DEFENSE**

Plaintiff's claims are barred by the economic loss doctrine in that Plaintiff seeks to recover in tort for economic losses that are contractual in nature.

**Eighth DEFENSE**

Plaintiff's claims are barred by waiver, estoppel, and estoppel by acquiescence based on the Acknowledgment of Certificate of Title Received and release he signed with UACC on or about March 3, 2018.

**Ninth DEFENSE**

Plaintiff's claims are barred or limited by the doctrines of waiver, equitable estoppel, acceptance, and ratification.

**Tenth DEFENSE**

Plaintiff's claim under the Missouri Merchandising Practices Act should be dismissed on the grounds that the Petition has failed to plead the specific allegations of deception, fraud, or misrepresentation against UACC with sufficient particularity as required by Missouri law.

**Eleventh DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 365.010, et seq.

**Twelfth DEFENSE**

UACC asserts all defenses available to it under R.S.Mo. § 407.010, et seq.

**Thirteenth DEFENSE**

Plaintiff is not entitled to recover attorney's fees because the elements for an award of attorney's fees under Missouri law have not been met.

## Fourteenth DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process.

## Fifteenth DEFENSE

UACC states that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Missouri, and further states that Plaintiff is not entitled to recover punitive damages under Missouri law to the extent Plaintiff is seeking the same.

## Sixteenth DEFENSE

Plaintiff is not entitled to an award of punitive damages because an award of punitive damages against UACC would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Missouri, which prohibit deprivation of life, liberty, or property, except by due process, and an award of punitive damages would also violate the Eighth Amendment to the United States Constitution and Article 1, Section 21 of the Constitution of 1945 of the State of Missouri, which prohibit excessive fines and unusual punishment.

## Seventeenth DEFENSE

Any recovery obtained by Plaintiff is limited to the amounts actually paid to UACC under the FTC Holder Rule.

## Eighteenth DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## Nineteenth DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine because he voluntarily made the payments at issue.

## Twentieth DEFENSE

Plaintiff's claims are barred because he accepted, ratified, and retained the benefits of the contracts in question.

## Twenty-first DEFENSE

UACC is entitled to indemnity and/or contribution from any person or entity that caused Plaintiff's injuries.

## Twenty-second DEFENSE

Plaintiff's claims are barred by assumption of the risk because Plaintiff's damages were caused by his own acts or omissions.

## Twenty-third DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff took possession of the vehicle without receiving title.

## Twenty-fourth DEFENSE

Plaintiff's MMPA claim fails because UACC is exempt from MMPA liability as a regulated entity. *See* Mo. Ann. Stat. § 407.020.2(2).

## RESERVATION OF DEFENSES

UACC reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 15th day of January, 2021.

/s/ Ryan S. Rummage
Ryan S. Rummage (MO Bar #69871)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:    (205) 251-3000
Facsimile:    (205) 458-5100
rrummage@burr.com
Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of January, 2021, a copy of the foregoing was filed with the Court's Electronic Filing System, which will serve a copy of the same to all counsel of record.

/s/ Ryan S. Rummage
Ryan S. Rummage

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| WESLEY PIERCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-CV10477 |
| | ) | Division 4 |
| v. | ) | |
| | ) | |
| UNITED AUTO CREDIT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

Megan McCurdy, of the law firm Stinson LLP, enters her appearance for Defendant United Auto Credit Corporation. Pursuant to Local Rule 3.5.2(b), Ryan Rummage remains lead attorney of record for Defendant United Auto Credit Corporation.

Dated: February 4, 2021   Respectfully submitted,

        **STINSON LLP**

        By: */s/ Megan McCurdy*
         Megan McCurdy, MO# 60071
         1201 Walnut Street, Suite 2900
         Kansas City, Missouri, 64106
         Telephone: (816) 691-2649
         Facsimile: (816) 691-3495
         megan.mccurdy@stinson.com

        **ATTORNEY FOR DEFENDANT UNITED
        AUTO CREDIT CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of February, 2021, the above and foregoing was filed with the Clerk of the Court through the Missouri casenet system, giving notice to all attorneys of record.

        */s/ Megan McCurdy*
        **ATTORNEY FOR DEFENDANT**

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com


SERVICE PARTY:   ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:   at@belllawkc.com


SERVICE PARTY:   BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:   bryce@belllawkc.com


SERVICE PARTY:   RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:   rrummage@burr.com

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:03 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| WESLEY PIERCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-CV10477 |
| | ) | Division 4 |
| v. | ) | |
| | ) | |
| UNITED AUTO CREDIT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ADMISSION**
***PRO HAC VICE* OF MATTHEW THOMAS MITCHELL**

Pursuant to Missouri Supreme Court Rule 9.03, Defendant United Auto Credit Corporation moves the Court for an Order allowing Matthew Thomas Mitchell, an out-of-state attorney, to appear *pro hac* vice in this case.

In support of this motion, Defendant states that Mr. Mitchell is a member in good standing of the bar of the State of Alabama; the United States District Court for the Northern District of Alabama; United States District Court for the Middle District of Alabama; United States District Court for the Southern District of Alabama; United States District Court for the Middle District of Florida; United States District Court for the Northern District of Florida; United States District Court for the Southern District of Florida; United States District Court for the Western District of Michigan; United States District Court for the Eastern District of Michigan; and United States District Court for the Eastern District of Tennessee. Neither Matthew Thomas Mitchell nor any member of his firm is under suspension or disbarment by any such Court.

Matthew Thomas Mitchell agrees to comply with the Rules of Professional Conduct as set forth in Missouri Supreme Court Rule 4 and acknowledges that he is subject to discipline by the Court of this state so long as he is practicing in this State.

Mr. Mitchell further agrees to associate himself with Megan McCurdy of Stinson LLP, who is licensed in the state of Missouri and maintains an office in Missouri, for the duration of the above-captioned matter. Ms. McCurdy will continue to accept service of pleadings on behalf of the Defendant United Auto Credit Corporation.

Attached hereto as Exhibit A is the affidavit of Matthew Thomas Mitchell, identifying the courts to which he is a member and certifying that neither he nor any member of his firm is under suspension or disbarment by any such court. The statement also designates Megan McCurdy of Stinson LLP as associate counsel. Ms. McCurdy has already entered her appearance as attorney of record for Defendant United Auto Credit Corporation.

Attached hereto as Exhibit B is a copy of the receipt for the *pro hac vice* fee required by Rule 6.01(m).

Dated: February 4, 2021                              Respectfully submitted,

                                                     **STINSON LLP**

                                                     By: */s/ Megan McCurdy*
                                                         Megan McCurdy, MO# 60071
                                                         1201 Walnut Street, Suite 2900
                                                         Kansas City, Missouri, 64106
                                                         Telephone: (816) 691-2649
                                                         Facsimile: (816) 691-3495
                                                         megan.mccurdy@stinson.com

                                                     **ATTORNEY FOR DEFENDANT UNITED
                                                     AUTO CREDIT CORPORATION**

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 4th day of February, 2021, the above and foregoing was filed with the Clerk of the Court through the Missouri casenet system, giving notice to all attorneys of record.

*/s/ Megan McCurdy*
**ATTORNEY FOR DEFENDANT**

# EXHIBIT A

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| WESLEY PIERCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-CV10477 |
| | ) | Division 4 |
| v. | ) | |
| | ) | |
| UNITED AUTO CREDIT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**AFFIDAVIT OF MATTHEW THOMAS MITCHELL**</u>

I, Matthew Thomas Mitchell, being duly sworn, depose and state:

1.      I have personal knowledge of the facts stated herein.

2.      I am an attorney and partner at the law firm Burr & Forman LLP, 420 North 20th

Street, Suite 3400, Birmingham, Alabama, 35203.

3.      I am a member in good standing of the highest court in the State of Alabama. I

have also been admitted to the bars of the following courts:

> United States District Court for the Northern District of Alabama
> United States District Court for the Middle District of Alabama
> United States District Court for the Southern District of Alabama
> United States District Court for the Middle District of Florida
> United States District Court for the Northern District of Florida
> United States District Court for the Southern District of Florida
> United States District Court for the Western District of Michigan
> United States District Court for the Eastern District of Michigan
> United States District Court for the Eastern District of Tennessee

4.      I am a member in good standing of all of the Bars to which I am admitted. I have

never been disbarred, disciplined, or denied admission to practice law in any jurisdiction. No

member of my firm is under suspension or disbarment by any such court.

5.      I will adhere to all rules of this Court if admitted in this case.

6.      I have a long-standing professional relationship with United Auto Credit Corporation ("UACC") and have represented them in various cases in the past. UACC has requested that I appear and participate in the trial and discovery of this case.

7.      I designate Megan McCurdy of Stinson LLP as associate counsel, who has already entered her appearance as attorney of record for Defendant United Auto Credit Corporation.

Dated this 3rd day of February, 2021.

_____
Matthew Thomas Mitchell

Subscribed and sworn to before me this 3rd day of February, 2021.

_____
Notary Public

My Commission expires: ___9-27-2024___

2

# EXHIBIT B

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM



## CLERK OF THE SUPREME COURT
### STATE OF MISSOURI
### POST OFFICE BOX 150
### JEFFERSON CITY, MISSOURI
65102

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

February 1, 2021

*This will hereby acknowledge receipt of $410 as required by Rule 6.01(n) for Matthew Thomas Mitchell, appearing in Wesley Pierce, Jr. v. United Auto Credit Corporation, Case No. 2016-CV10477, before the Circuit Court of Jackson County, State of Missouri.*

Betsy AuBuchon, Clerk

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:   ms@belllawkc.com

SERVICE PARTY:   ANDREW ROBERT TAYLOR, Attorney for Plaintiff
SERVICE EMAIL:   at@belllawkc.com

SERVICE PARTY:   BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:   bryce@belllawkc.com

SERVICE PARTY:   RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:   rrummage@burr.com

Electronically Filed - Jackson - Kansas City - February 04, 2021 - 10:16 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

WESLEY PIERCE JR,              )
                                         )

                   **Plaintiff,**     )    **Case No. 2016-CV10477**

**vs.**                             )    **Division 4**
                                         )

**UNITED AUTO CREDIT CORPORATION,**  )
                                         )

                  **Defendant,**

## ORDER

**NOW** on this 9th day of February, 2021, the Court takes up Defendant, United Auto Credit

Corporation's Motion for Admission *Pro Hac Vice* of Mathew Thomas Mitchell, filed February 4, 2021.

Upon review of Mathew Thomas Mitchell's affidavit, the receipt for the *pro hac vice* fee and pursuant

to Missouri Supreme Court Rule 9.03:

      **IT IS HEREBY ORDERED** that Defendant, United Auto Credit Corporation's Motion for

Admission *Pro Hac Vice* of Mathew Thomas Mitchell is **GRANTED**.

      **IT IS FURTHER ORDERED** that Mathew Thomas Mitchell is granted permission to appear

as counsel for United Auto Credit Corporation in the above-captioned case.

      **IT IS SO ORDERED**.


_____09-Feb-2021_____                           *Justine E Del Muro*_____
        DATE                                  JUSTINE E. DEL MURO, JUDGE

**Certificate of Service**

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent
through the eFiling system to the following attorneys of record on _____09-Feb-2021_____.

RYAN SIKES RUMMAGE, Attorney for Defendant, 420 NORTH 20TH ST STE 3400,
BIRMINGHAM, AL 35203-,
ANDREW ROBERT TAYLOR, Attorney for Plaintiff, Bell Law, LLC, 2600 Grand Blvd, SUITE 580,
KANSAS CITY, MO 64108-,
MARK SCHMITZ, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580,
KANSAS CITY, MO 64108-, ms@BellLawKC.com
BRYCE BRUCE BELL, Attorney for Plaintiff, BELL LAW, LLC, 2600 GRAND BLVD STE 580,
KANSAS CITY, MO 64108-, Bryce@BellLawKC.com

_____
Law Clerk, Division 4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **WESLEY PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2016-cv10477** |
| **v.** | ) | |
| | ) | **Division: 4** |
| | ) | |
| **UNITED AUTO CREDIT** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of Plaintiff's responses to Defendant United Auto Credit Corporation's (UACC) first requests for production of documents were served upon UACC's counsel of record—Ryan Rummage, Matthew Mitchell, and Megan McCurdy—on February 11, 2021. Those responses included *Plaintiff Wesley Pierce's Responses to Defendant United Auto Credit Corporation's First Request for Production of Documents to Plaintiff* and production of documents Bates-numbered Pierce v. UACC 0001-0084.

Respectfully submitted,

*/s/ Andrew R. Taylor*
Bryce B. Bell        MO#66841
Mark W. Schmitz      MO#69329
Andrew R. Taylor     MO#72157
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108

1

T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed with the Court's e-filing system on February 11, 2021, and thereby served on all attorneys of record.

*/s/ Andrew R. Taylor*

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MARK SCHMITZ, Attorney for Plaintiff
SERVICE EMAIL:    ms@belllawkc.com


SERVICE PARTY:    BRYCE BRUCE BELL, Attorney for Plaintiff
SERVICE EMAIL:    bryce@belllawkc.com


SERVICE PARTY:    RYAN SIKES RUMMAGE, Attorney for Defendant
SERVICE EMAIL:    rrummage@burr.com


SERVICE PARTY:    MEGAN MCCURDY, Attorney for Defendant
SERVICE EMAIL:    megan.mccurdy@stinson.com